UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SERGIO ESPINOSA SR., ET. AL, ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:21-CV-10356-DJC |
| ) | |
| ANDREW C. METCALF, ET. AL, ) | |
| Defendants ) | |

## NOTICE OF APPEARANCE

Please enter my appearance on behalf of the defendant, Export Enterprises of MA, Inc., in the above referenced matter.

Respectfully submitted,
EXPORT ENTERPRISES OF MA, INC., By its attorney,

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou, BBO #635931
Law Office of E. Pamela Salpoglou, Inc.
P. O. Box 13
Stoughton, MA 02072
(781) 444-4747
Pamela@automobileattorney.com

Dated: April 6, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 6, 2021.

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERGIO ESPINOSA SR., ET. AL, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>ANDREW C. METCALF, ET. AL, )<br>    Defendants )<br>) | CIVIL ACTION NO.<br>1:21-CV-10356-DJC |

**MOTION OF DEFENDANT, EXPORT ENTERPRISES OF MA, INC.
TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

  The defendant, Export Enterprises of MA, Inc., hereby submits this Motion to Dismiss for Failure to State a Claim pursuant to F.R.C.P. 12(b)(6). As grounds therefore, a Memorandum in Support of the Motion to Dismiss is attached.

                   Respectfully submitted,
                   EXPORT ENTERPRISES OF MA, INC., By its
                   attorney,

                   */s/ E. Pamela Salpoglou*
                   E. Pamela Salpoglou, BBO #635931
                   Law Office of E. Pamela Salpoglou, Inc.
                   P. O. Box 13
                   Stoughton, MA  02072
                   (781) 444-4747
                   Pamela@automobileattorney.com

Dated: April 6, 2021

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 6, 2021.

                   */s/ E. Pamela Salpoglou*
                   E. Pamela Salpoglou

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SERGIO ESPINOSA SR., ET. AL, | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:21-CV-10356-DJC |
| | ) | |
| ANDREW C. METCALF, ET. AL, | ) | |
| Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT EXPORT ENTERPRISES OF MA, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The defendant, Export Enterprises of MA, Inc. (hereinafter "EEMI"), hereby submits this Memorandum in support of the accompanying Motion to Dismiss For Failure to State a Claim pursuant to F.R.C.P. 12(b)(6).

**I.   FACTUAL ALLEGATIONS[1]**

The plaintiffs contend that the defendants committed a series of illegal acts when they attempted to enforce a judgment that had entered against the plaintiff, Sergio Espinosa, Sr. (hereinafter "Espinosa, Sr.") relative to a credit card debt. (Complaint ¶¶ 3, 23) The plaintiffs aver that EEMI was hired by co-defendant Andrew Metcalf d/b/a Judgment Acquisitions (hereinafter "Constable Metcalf") to seize Espinosa, Sr.'s Honda Accord in order to satisfy the 2006 judgment which had remained unpaid for fourteen years. (Complaint ¶30)

The plaintiffs maintain that the credit card debt and resultant judgment held by the co-defendant United Champion Funding, Inc. (hereinafter "UCFI") is a "*debt*" as that term is used and

---

[1] For purposes of this motion only, the pertinent facts, but not the legal conclusions and/or subjective characteristics plead in the Complaint are accepted as true. EEMI reserves the right to contest facts alleged in the Complaint should this Motion be denied.

defined by 15 U.S.C. § 1692a(5). The plaintiffs plead that EEMI is a "*debt collector*" as defined under the Fair Debt Collection Practices Act under 15 U.S.C. § 1692a(6). (Complaint ¶¶ 26, 21) However, it is uncontroverted that EEMI is a corporation in good standing in the Commonwealth of Massachusetts and is engaged in the business of "*towing and storage of motor vehicles*". (Complaint ¶19) The plaintiffs further allege that the defendants wrongfully "*repossessed*" Sergio Espinosa, Jr.'s (hereinafter "Espinosa, Jr.") Mini Cooper thereby violating M.G.L. Ch. 255B § 20B. (Complaint ¶4) Finally, the plaintiffs' contend that the Honda Accord towed by EEMI was not even owned by Espinosa, Sr. (Complaint ¶¶50, 51)

The plaintiffs seek damages against EEMI for violations of the Fair Debt Collection Practices Act codified at 15 U.S.C. § 1692 (Counts I, VII); unlawful trespassory "repossessions" (Counts V, X), and violations of M.G.L. Ch. 93 and 93A (Counts VI, XI).

## II.      LEGAL STANDARD

In order to withstand a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must contain allegations "*plausibly suggesting (not merely consistent with)*" an entitlement to relief and "*enough to raise a right to relief above the speculative level*." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "*more than labels and conclusions*" and in ruling upon a motion to dismiss, the Court disregards legal conclusions cast in the form of factual allegations. Id. A complaint is insufficient if it tenders "*naked assertion*[s]" devoid of "*further factual enhancement*." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## III.      ARGUMENT

1. **There Has Been No Violation of 15 U.S.C. § 1692f(6) And Therefore Counts I**

### And VII Must be Dismissed

The plaintiffs aver that section 1692f of the Fair Debt Collection Practices Act (hereinafter "FDCPA") prohibits "*debt collectors*" from using any unfair or unconscionable means to collect or attempt to collect any debts. Specifically, 1692f(6) prohibits "*debt collectors*" from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A) There is no present right to possession of the property claimed as collateral through an enforceable security interest; or

> (C) the property is exempt by law from such dispossession or disablement.

### A. EEMI Is Not a "*Debt Collector*" Pursuant to Section 1692a

The plaintiffs plead that all defendants are "*debt collectors*". However, the plaintiffs expressly aver that Constable Metcalf hired and arranged for EEMI to seize the plaintiff's personal property in order to satisfy the debt held by UCFI (Complaint ¶ 30). EEMI asserts that it is not a "*debt collector*" as defined in §1692(6)(A).

Section 1692a(6) provides in part that the term "*debt collector*" means:

"*any person who uses any instrumentality of interstate commerce or the mails in <u>any business the principal purpose of which is the collection of any debts</u>, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due anothe*r." (Emphasis added)

EEMI's principal business purpose is not the collection of debt. Rather, EEMI was incorporated to conduct business as a towing and storage company. As the plaintiffs admit, EEMI was "*hired*" to "*seize the Plaintiff's personal property*", thus EEMI was not attempting to collect the underlying debt of UCFI and therefore, EEMI cannot be

held to the provisions of a "*debt collector*" under the FDCPA. Accordingly, Counts I and VII must be Dismissed.

B. **EEMI Is Not A "*Debt Collector*" And Did Not Violate Sections 1692e&f**

Similarly, as EEMI is not a "*debt collector*", it cannot be held liable under the FDCPA for allegedly falsely representing the status of a debt under §1692e(2)(A) or taking action it could not legally take under §§1692e(5) and 1692f(6)(A) and (C).

Section 1692e of the FDCPA provides in relevant part:

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. (2) The false representation of—(A) the character, amount, or legal status of any debt…(5) The threat to take any action that cannot legally be taken or that is not intended to be taken."*

and Section 1692f of the FDCPA reads:

*"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . . .(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; [or](C) the property is exempt by law from such dispossession or disablement.*

Notwithstanding the fact that EEMI is not a "*debt collector*" but rather a business that tows and stores motor vehicles, EEMI asserts that the Complaint fails to aver that said defendant made any comment to the plaintiffs, let alone a false, deceptive, or misleading representation to either plaintiff. The plaintiffs only allege that Constable Metcalf "*falsely advised Espinosa Jr.*" that he was a liar. (Complaint ¶ 39) Moreover, the Complaint also fails to plead that EEMI made any threat to take

any property. Finally, the plaintiffs do not properly aver that the personal property that was seized by EEMI was exempt by law from dispossession. These failures to properly plead the necessary facts to support violations of Section 1692(e) and (f) of the FDCPA are fatal to the plaintiffs' claims against EEMI and Counts I and VII must be dismissed.

### i. Sovereign Immunity

Even assuming arguendo that EEMI did make threat or did take property exempt from dispossession, which it did not, it would be shielded from liability because Constable Metcalf is entitled to sovereign immunity under M.G.L Ch. 258 §10(d) and EEMI was "*hired and arranged*" by Constable Metcalf. (Complaint ¶30)

## 2. There Has Been No Violation Of M.G.L.Ch. 93A and Therefore Counts VI and XI Must be Dismissed

There has been no violation of M.G.L. Ch. 93A by EEMI and therefore Counts VI and XI must be dismissed.

### A. There is No Trade and Commerce Between the Plaintiffs and EEMI

In order to sustain a claims under M.G.L. Ch. 93A, the plaintiff must establish a "*trade or commerce*" relationship between the parties. The plaintiffs' improperly base their M.G.L. Ch. 93A claims against EEMI on a theory that EEMI was engaged in trade or commerce. (Complaint ¶ 109). Such a finding is meritless. In Petralia v. 145 Marston St., Inc., 559 B.R. 275 (Bankr. D. Mass. 2016) the court dismissed M.G.L. Ch. 93A claims against a defendant, which like EEMI, towed and

stored a vehicle at the request of law enforcement (a sheriff) pursuant to an execution. In Petralia, the Court aptly noted that the Massachusetts Court of Appeals found that a M.G.L. Ch. 93A claim could not be brought by a debtor against a judgment creditor or sheriff effectuating a seizure because "[t]*here was no conduct of trade or commerce between*" the parties. Cady v. Marcella, 49 Mass.App.Ct. 334, 729 N.E.2d 1125, 1133 (2000); see also Foreign Car Ctr. v. Essex Process Serv., 62 Mass.App.Ct. 806, 821 N.E.2d 483, 490 (2005) (relying on Cady to conclude that a judgment debtor could not bring a M.G.L. Ch. 93A claim against a sheriff who seized the debtor's vehicle). In so concluding, the Cady court relied on its statement in a prior case that "[n]*o commercial relationship ever existed between the parties; their only contact occurred in the context of this litigation.*" Cady, 729 N.E.2d at 1133 (quoting Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 625 N.E.2d 1383, 1389, (Mass. App. Ct. (1994)). Here, EEMI had no business relationship with either plaintiff and certainly the parties did not engage in trade and commerce with one another. Accordingly, the M.G.L. Ch. 93A claims in Counts VI and XI must be dismissed.

**B. The FDCPA Claims Against EEMI Fail**

Although M.G.L. Ch. 93A does not require a violation of a statute in order to create liability, even a violation of a statute would not automatically trigger liability. Charest v. Fannie Mae, 9 F. Supp. 3d 114, 124-25 (D. Mass. 2014). In Walsh v. TelTech Sys., 821 F. 3d 155, 160 (1st Cir. 2016), the Court found that an

"*act or practice is unfair if it falls within at least the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to consumers.*" Here, the plaintiffs claim per se violations of M.G.L. Ch. 93A against EEMI in Counts I and VII of the Complaint for alleged unfair means of collecting or attempting to collect a debt. Such claims are positively moot as EEMI cannot be held liable for any alleged violation of the FDCPA for the reasons set forth in the above arguments. Accordingly, the M.G.L. Ch. 93A claims in Counts VI and XI must be dismissed.

**C. The Claims Against EEMI Under M.G.L. Ch. 255B §§ 6 and 20B Fail**

In Count VI of the Complaint, the plaintiffs argue that the defendants violated M.G.L. Ch. 255B sections 6 and 20B which would trigger a violation of M.G.L. Ch. 93A. Said statutes are inapplicable to the case at bar as M.G.L. Ch. 255B relates to retail installment sales of motor vehicles and their **repossession,** whereas here EEMI **"seize[d]"** the vehicles as plead in paragraph 30 of the Complaint.

The definition section of M.G.L.Ch. 255B defines a "*retail buyer*" as a person who buys or agrees to buy a motor vehicle from a "*retail seller*" and who executes a retail sales installment contract in connection therewith. A "*retail seller*" is a secured creditor under such a contract which accepts installment payments in exchange for a lien on the vehicle. M.G.L. Ch. 255B § 20B(a) reads: "*a secured creditor under a consumer credit transaction may take possession of*

*collateral*" in the event of a breach of the installment loan contract. In other words, the secured creditor may effectuate a "*repossession*" of the subject vehicle. Accordingly, a "*repossession*" is a statutory remedy distinct from a "*seizure*" performed by a constable's (or sheriff's) in order to satisfy an unpaid judgment.

It is uncontroverted that EEMI is not the "*retail seller*" nor "*secured creditor*" of the motor vehicles subject of this suit. It is also undisputed that the plaintiffs did not execute retail sales installment contracts with EEMI which would have granted EEMI liens on the vehicles. Thus, the plaintiffs will not be able to maintain that there was a breach of any contract with EEMI as no contract(s) existed. In fact and in truth, the plaintiffs aver that the Honda Accord was not even owned by Espinosa, Sr. (it allegedly being the property of Honda Financial under a lease and <u>not</u> a retail installment sale contract). (Complaint ¶51) Furthermore, the plaintiffs do not maintain that the Mini Cooper is subject to a retail installment loan contract, rather they plead that Espinosa, Jr. "*owned*" the Mini Cooper that was "*seize*[d]". (Complaint ¶37). Thus, the Mini Cooper and the Honda Accord are not subject to "*repossession*" and the plaintiffs reliance on the applicability of M.G.L. Ch. 255B is misplaced and meritless.

The facts of this case are simple, at the request of Constable Metcalf and UCFI, neither of whom are the retail sellers or secured creditors, EEMI (also not a retail seller nor secured creditor) was hired to arrange for, and seize "*the Plaintiff's personal property in order to satisfy the 2006 Judgment.*" (Complaint

¶30). As the "*seizure*" did not relate to a breach of a retail installment loan contract there could be no "*repossession*" and therefore, the plaintiffs claims for an unlawful trespassory repossession under M.G.L. Ch. 255B § 20B fail and there has been no violation of M.G.L. Ch. 93A.

Similarly, the claims under M.G.L. Ch. 255B sec. Section 6 which relate to investigations by the commissioner fail even had they not been irrelevant. Said section reads:

"*The commissioner, if he has reason to believe that any person other than a licensee has violated any of the provisions of this act, shall have the power to make such investigations as he shall deem necessary, and, to the extent necessary for this purpose, he may examine such person and shall have the power to compel the production of all relevant books, records, accounts and documents. The state police and the police of the cities or towns shall carry out the directions of the commissioner in enforcing the provisions of this chapter and any rules or regulations made hereunder by him. A violation of this chapter shall also be a violation of chapter ninety-three A.*"

Accordingly, the M.G.L. Ch. 93A claims in Counts VI and XI must be dismissed.

### D. The Claims Against EEMI Under 940 C.M.R. 7.07(18) Fail

The plaintiffs allege violations of 940 C.M.R. 7.07 which holds that it may be an unfair or deceptive act or practice for a party to collect or attempt to collect any debt under section 18 by the taking or threatening to take any non-judicial action to effect dispossession or disablement of property if: (a) there is no present right to possession of the property claimed as collateral through a court order or an enforceable security interest. The seizure of the vehicles subject of this suit were not subject to an enforceable security interest and therefore this Code is irrelevant as set forth in the preceding arguments raised above.

Moreover, this C.M.R. is directed solely against a "*creditor*" defined in §7.03, as a person engaged in collecting a debt, which includes a buyer who hires a third party to collect such debt provided that a "*person shall not be deemed to be engaged in collecting a debt…if his or her activities are solely for the purpose of serving legal process on another person in connection with the judicial enforcement of a debt.*" EEMI is not a debt collector and as the plaintiffs admit, was hired to seize property to satisfy a judgment and thus, EEMI's activities were not unfair nor deceptive but rather solely in the furtherance of judicial enforcement and therefore this cause of action must fail.

### E.  There Has Been No Violation of M.G.L. Ch. 93 § 49

Section 49 of M.G. L. Ch. 93 states that no one:

"*who is a creditor or an attorney for a creditor, or an assignee of a creditor, of a natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such debt in an unfair, deceptive or unreasonable manner*."

EEMI does not wish to belabor the arguments that it is not a "*creditor*", "*attorney for the creditor*" or an "*assignee of a creditor*" but restates that it does not meet any of these criteria necessary to satisfy the plaintiffs' causes of actions against it. As such, all of the plaintiffs claims under M.G.L. Ch. 93A fail as a matter of law and fact.

3. **There Has Been No Violation Of M.G.L. Ch. 255B § 20B And Therefore Counts V And X Must Be Dismissed**

There has been no violation of M.G.L. Ch. 255B § 20B by EEMI and therefore Counts V and X must be dismissed.

### A. M.G.L.Ch. 255B Is Inapplicable To EEMI

EEMI refers to the arguments raised herein, included but not limited to those in Paragraph 2C.

### IV. CONCLSUION

WHEREAS there has been no violation of 15 U.S.C. § 1692f(6), Counts I and VII must be dismissed; WHEREAS there has been no violation of M.G.L. Ch. 93A, Counts VI ands XI must be dismissed; and WHEREAS there has been no violation of M.G.L. Ch. 255B § 20B, Counts V and X must be dismissed. WHEREFORE, the defendant Export Enterprises of MA, Inc. prays its Motion to Dismiss be Allowed.

Respectfully submitted,
EXPORT ENTERPRISES OF MA, INC., By its attorney,

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou, BBO #635931
Law Office of E. Pamela Salpoglou, Inc.
P. O. Box 13
Stoughton, MA  02072
(781) 444-4747
Pamela@automobileattorney.com

Dated: April 6, 2021

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 6, 2021.

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou
