IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERGIO ESPINOSA, SR. and<br>SERGIO ESPINOSA, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW C. METCALF d/b/a<br>JUDGMENT ACQUISITIONS<br>UNLIMITED, CHAMPION<br>FUNDING, INC., and<br>EXPORT ENTERPRISES, INC.,<br><br>Defendant. | Civil Case Number: 1:21-cv-10356-DJC |

**THE DEFENDANTS', ANDREW C. METCALF D/B/A JUDGMENT ACQUISITIONS UNLIMITED AND CHAMPION FUNDING, INC. ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Defendants, Andrew C. Metcalf d/b/a Judgement Acquisition Unlimited and Champion funding, Inc., submit this Answer in response to the Plaintiff's Amended Complaint and Demand for Jury Trial.

**JURISDICTION AND VENUE**

1. This allegation is a legal conclusion that requires no response.
2. This allegation is a legal conclusion that requires no response.

**NATURE OF THE ACTION**

3. Denied.
4. Denied.
5. Denied.
6. This allegation requires a legal conclusion that requires no response.

1

7. This allegation requires a legal conclusion that requires no response.

## PARTIES

8. The Defendants are without sufficient information to admit or deny this allegation.

9. The Defendants are without sufficient information to admit or deny this allegation.

10. Denied to the extent it is being alleged that the Defendant only specializes in the collection of old judgments on behalf of debt buyers but admitted as to the remaining allegations.

11. Admitted.

12. This allegation is a legal conclusion that requires no response.

13. Admitted.

14. This allegation is a legal conclusion that requires no response.

15. Admitted.

16. The Articles of Incorporation and Annual Report documents speak for themselves.

17. Admitted.

18. Denied.

19. This allegation is a legal conclusion that requires no response.

20. The Defendants are without sufficient information not admit or deny this allegation.

21. The Defendants are without sufficient information not admit or deny this allegation.

22. The Defendants are without sufficient information not admit or deny this allegation.

23. This allegation is a legal conclusion that requires no response.

## ALLEGATIONS OF FACT

24. The Defendant repeat and reallege the above statements as if set forth herein.

25. Denied.

26. The Defendants are without sufficient knowledge to admit or deny this allegation.

27. The Defendants are without sufficient knowledge to admit or deny this allegation.

28. This allegation is a legal conclusion that requires no response.

29. The Defendants are without sufficient knowledge to admit or deny this allegation.

30. The Defendants are without sufficient knowledge to admit or deny this allegation.

31. Admitted.

32. Denied.

33. The Defendants are without sufficient knowledge to admit or deny this allegation.

34. The Defendants are without sufficient knowledge to admit or deny this allegation.

35. The Defendants are without sufficient knowledge to admit or deny this allegation.

36. The Defendants are without sufficient knowledge to admit or deny this allegation.

37. The Defendants are without sufficient knowledge to admit or deny this allegation.

38. The Defendants are without sufficient knowledge to admit or deny this allegation.

39. The Defendants are without sufficient knowledge to admit or deny this allegation.

40. Admitted.

41. Denied.

42. Denied.

43. The Defendants are without sufficient knowledge to admit or deny this allegation.

44. Denied.

45. Denied.

46. Denied.

47. Admitted.

48. Admitted that the Plaintiff provided a copy of the Note and a letter from Digital Federal Credit Union but denied as to the remaining allegations including that the letter said the Plaintiff, Sergio Espinosa, Jr. was the owner of the vehicle.

49. Denied.

50. Admitted there were multiple calls between the parties.

51. Admitted.

52. The Defendants are without sufficient information to admit or deny this allegation.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT**
**15 U.S.C. §1692f(6).**
**(By Sergio Espinosa, Jr. Against Champion, Metcalf, Judgment Acquisitions and Export Enterprises)**

57. The Defendants repeat and reallege the above statements as if set forth herein.

58. This allegation is a legal conclusion that requires no response.

59. This allegation is a legal conclusion that requires no response.

60. This allegation is a legal conclusion that requires no response.

61. Denied.

62. Denied.

63. The Defendants are without sufficient information to admit or deny this allegation.

64. The Defendants are without sufficient information to admit or deny this allegation.

65. The Defendants are without sufficient information to admit or deny this allegation.

4

66. The Defendants are without sufficient information to admit or deny this allegation.

67. Denied.

68. This allegation is a legal conclusion that requires no response.

69. Denied.

70. Denied.

71. Denied.

## COUNT II
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692D *et. Seq.***
**(By Sergio Espinosa, Jr. Against Champion, Metcalf, Judgment Acquisitions)**

72. The Defendants repeat and reallege the above statements as if set forth herein.

73. This allegation is a legal conclusion that requires no response.

74. This allegation is a legal conclusion that requires no response.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT III

**VIOLATIONS OF THE FAIR DEBY COLLECTION PRACTICES ACT**
**15 U.S.C. §1692E *et. seq.***
**(By Sergio Espinosa, Jr. Against Champion, Metcalf, Judgment Acquisitions)**

81. The Defendants repeat and reallege the above statements as if set forth herein.

82. This allegation is a legal conclusion that requires no response.

83. This allegation is a legal conclusion that requires no response.

84. This allegation is a legal conclusion that requires no response.

85. This allegation is a legal conclusion that requires no response.

86. This allegation is a legal conclusion that requires no response.

87. This allegation is a legal conclusion that requires no response.

88. This allegation is a legal conclusion that requires no response.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT IV

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1672f(1)**
**(By Sergio Espinosa, Jr. Against Champion, Metcalf and Judgment Acquisitions)**

97. The Defendants repeat and reallege the above statements as if set forth herein.

98. This allegation is a legal conclusion that requires no response.

99. This allegation is a legal conclusion that requires no response.

100. This allegation is a legal conclusion that requires no response.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## COUNT V

**UNLAWFUL TRESPASSORY REPOSSESSION
M.G.L. C. 255b §20b, *et. seq.*
(By Sergio Espinosa, Jr. Against Champion, Metcalf, Judgment Acquisition and Export Enterprises)**

106. The Defendants repeat and reallege the above statements as if set forth herein.

107. This allegation is a legal conclusion that requires no response.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## COUNT VI
**UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
M.G.L. c. 93A §9, *et. seq.*
(By Sergio Espinosa, Jr. Against All Defendants)**

112. The Defendants repeat and reallege the above statements as if set forth herein.

113. This allegation is a legal conclusion that requires no response.

114. This allegation is a legal conclusion that requires no response.

115. This allegation is a legal conclusion that requires no response.

116. Denied.

117. Denied.

118. The Defendants are without sufficient information to admit or deny this allegation.

119. The Defendants are without sufficient information to admit or deny this allegation.

120. The Defendants are without sufficient information to admit or deny this allegation.

121. The Defendants are without sufficient information to admit or deny this allegation.

122. The Defendants are without sufficient information to admit or deny this allegation.

123. Denied.

124. Denied.

125. The Defendants are without sufficient information to admit or deny this allegation.

126. The Defendants are without sufficient information to admit or deny this allegation.

127. The Defendants are without sufficient information to admit or deny this allegation.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

## COUNT VII

**VIOLATIONS FO THE FAIR DEBT COLLECTIONS PRACTICES ACT
15. U.S.C. §1692F(6)
(By Sergio Espinosa, Sr., Against Champion, Metcalf, Judgment Acquisitions and Export Enterprises)**

135. The Defendants repeat and reallege the above statements as if set forth herein.

136. This allegation is a legal conclusion that requires no response.

137. This allegation is a legal conclusion that requires no response.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

**COUNT VIII**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692D *et. seq.***
**(By Sergio Espinosa, Sr. Against Champion, Metcalf, Judgment Acquisition)**

144. The Defendants repeat and reallege the above statements as if set forth herein.

145. This allegation is a legal conclusion that requires no response.

146. This allegation is a legal conclusion that requires no response.

147. This allegation is a legal conclusion that requires no response.

148. This allegation is a legal conclusion that requires no response.

149. This allegation is a legal conclusion that requires no response.

150. This allegation is a legal conclusion that requires no response.

151. This allegation is a legal conclusion that requires no response.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

# COUNT IX

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et. seq.*
### (By Sergio Espinosa, Sr. Against Champion, Metcalf, Judgment Acquisitions)

160. The Defendants repeat and reallege the above statements as if set forth herein.

161. Denied.

162. This allegation is a legal conclusion that requires no response.

163. This allegation is a legal conclusion that requires no response.

164. Denied.

165. This allegation is a legal conclusion that requires no response.

166. Denied.

167. Admitted.

168. Denied.

# COUNT X
## UNLAWFUL TRESSPASSORY POSSESSION
## M.G.L. C. 255b §20B et. seq.
### (By Sergio Espinosa, Sr. Against Champion, Metcalf, Judgment Acquisitions and Export Enterprises)

169. The Defendants repeat and reallege the above statements as if set forth herein.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

## AFFIRMATIVE DEFENSES

The Defendants hereby set forth the following Affirmative Defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Defendants state that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that Plaintiffs' claims are barred by the doctrine of laches and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are estopped from recovering on any of its claims against the Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants, at all material times, has acted in good faith and its conduct was justified and privileged.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' own conduct was the proximate cause of any damages it sustained.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that to the extent that it had any obligations to the Plaintiffs, such obligations have been fully, completely and properly performed in every respect.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy all necessary conditions precedent to the bringing of this action, and therefore the Complaint should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred for lack of valid consideration.

## NINTH AFFIRMATIVE DEFENSE

The Defendants assert that if it failed to perform any of its agreements contained in any instrument, all of which he specifically denies, it was excused from performance of such agreements.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because Plaintiffs have not been caused any damage by any conduct of the defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because Plaintiffs have failed to mitigate its damages, if any.

### TWELVE AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because Plaintiffs willfully and intentionally violated its contract with the defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because Plaintiffs materially breached its contracts with the Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because the Plaintiffs has acted inequitably in connection with the alleged subject matter of the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because the Defendants have not materially breached any contract with the plaintiff and has fulfilled all of its duties and obligations to Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because Plaintiffs lack standing to bring some or all of his claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action are barred because any alleged liability of Defendants to Plaintiffs is set off by Plaintiffs' liability to defendant for, among other things, breach of contract.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred by the state of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred by the business judgment rule.

WHEREFORE, the Defendants respectfully request that this Court grant judgment in its favor against the Plaintiffs and each Count of the Complaint, and award the Defendants their costs and expenses, including attorney's fees incurred in defending this action, and for such additional relief as this Court seems just.

## COUNTERCLAIM

1. The Defendant/Plaintiff-in-Counterclaim, Champion Funding, Inc. ("Champion"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 7 May Ave, Avon, Massachusetts.

2. The Plaintiff/Defendant-in-Counterclaim, Sergio Espinosa, Sr. ("Espinosa"), is a natural person and resident of Dracut, Massachusetts.

3. In the matter of <u>Cacv of Colorado, LLC v. Espinosa</u>, Lowell District Court Docket No. 0611CV001340 (the "Debt Matter"), judgment entered against Espinosa on August 21, 2006 in favor of Cacv v. Colorado, LLC in the amount of $2,395.30, plus pre-judgment interest of $63.79 and costs of $235.82, for a total amount of $2,694.91.

4. On September 13, 2006, an Execution issued against Espinosa in the Debt Matter.

5. Cacv of Colorado, LLC assigned the judgment to Champion.

6. With interest and costs, Espinosa currently owes Champion $8,264.59.

## COUNT I – OFFSET CLAIM

7. The Defendant/Plaintiff-in-Counterclaim, Champion Funding, Inc., repeats and reaffirms all of the statements above as if set forth herein.

8. Champion is currently owed $8,264.59 from Espinosa as described above.

9. To the extent any damages are awarded to Espinosa in this matter, that amount should be offset in the amount of $8,264.59 as a result of the judgment described above.

WHEREFORE, the Defendant/Plaintiff-in-Counterclaim, Champion Funding, Inc., request that this Honorable Court award it an offset to any damages awarded to the Plaintiff/Defendant-in-Counterclaim in the amount of $8,264.59.

## THE DEFENDANTS CLAIM TRIAL BY JURY

The Defendants,
Champion Finding, Inc.,
and Andrew Metcalf d/b/a Judgment
Acquisitions Unlimited,
By their attorneys,


  /s/ Brendan R. Pitts
Paul K. Flavin, Esq.
Brendan R. Pitts, Esq.
Flavin Pitts, P.C.
424 Adams Street, Suite 100
Milton, MA 02186
p. 617-698-6000
f. 617-977-1573
bpitts@flavinpitts.com
pflavin@flavinpitts.com

Dated: May 7, 2021

## CERTIFICATE OF SERVICE

      I, Brendan R. Pitts, do hereby certify that a copy of the foregoing pleading has been provided to all parties of record via the CM/ECF system.

                                                          /s/ Brendan R. Pitts

                                                          Dated: May 7, 2021.