UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SERGIO ESPINOSA SR., ET. AL, | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:21-CV-10356-DJC |
| | ) | |
| ANDREW C. METCALF, ET. AL, | ) | |
| Defendants | ) | |

## MOTION OF DEFENDANT, EXPORT ENTERPRISES OF MA, INC. TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

The defendant, Export Enterprises of MA, Inc., hereby submits this Motion to Dismiss for Failure to State a Claim pursuant to F.R.C.P. 12(b)(6). As grounds therefore, a Memorandum in Support of the Motion to Dismiss is attached.

Respectfully submitted,
EXPORT ENTERPRISES OF MA, INC., By its attorney,

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou, BBO #635931
Law Office of E. Pamela Salpoglou, Inc.
P. O. Box 13
Stoughton, MA 02072
(781) 444-4747
Pamela@automobileattorney.com

Dated: May 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 12, 2021.

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERGIO ESPINOSA SR., ET. AL, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANDREW C. METCALF, ET. AL, ) <br> Defendants ) <br> ) | CIVIL ACTION NO. <br> 1:21-CV-10356-DJC |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT EXPORT ENTERPRISES OF MA, INC.'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

The defendant, Export Enterprises of MA, Inc. (hereinafter "EEMI"), hereby submits this Memorandum in support of the accompanying Motion to Dismiss For Failure to State a Claim pursuant to F.R.C.P. 12(b)(6).

**I. FACTUAL ALLEGATIONS[1]**

The plaintiffs contend that the defendants committed a series of illegal acts when they attempted to enforce a judgment that had entered against the plaintiff, Sergio Espinosa, Sr. (hereinafter "Espinosa, Sr.") relative to a credit card debt. (Amended Complaint ¶¶ 3, 25) The plaintiffs aver that EEMI was hired by co-defendant Andrew Metcalf d/b/a Judgment Acquisitions (hereinafter "Constable Metcalf") to seize Espinosa, Sr.'s Honda Accord in order to satisfy the 2006 judgment which had remained unpaid for fourteen years. (Amended Complaint ¶32)

The plaintiffs maintain that the credit card debt and resultant judgment held by the co-defendant United Champion Funding, Inc. (hereinafter "UCFI") is a "*debt*" as that term is used and

---

[1] For purposes of this motion only, the pertinent facts, but not the legal conclusions and/or subjective characteristics plead in the Complaint are accepted as true. EEMI reserves the right to contest facts alleged in the Complaint should this Motion be denied.

defined by 15 U.S.C. § 1692a(5). The plaintiffs plead that EEMI is a "*debt collector*" as defined under the Fair Debt Collection Practices Act under 15 U.S.C. § 1692a(6). (Amended Complaint ¶¶ 22) However, it is uncontroverted that EEMI is a corporation in good standing in the Commonwealth of Massachusetts and is engaged in the business of "*towing and storage of motor vehicles*". (Amended Complaint ¶20) The plaintiffs further allege that the defendants wrongfully seized Sergio Espinosa, Jr.'s (hereinafter "Espinosa, Jr.") Mini Cooper. (Amended Complaint ¶39) Finally, the plaintiffs' contend that the Honda Accord towed by EEMI was not even owned by Espinosa, Sr. (Amended Complaint ¶53)

The plaintiffs seek damages against EEMI for violations of the Fair Debt Collection Practices Act codified at 15 U.S.C. § 1692 (Counts I, II, III, IV, VI, VII, VIII); and violations of M.G.L. Ch. 93 and 93A (Counts V, IX); and conversion (Count X)..

## II. **LEGAL STANDARD**

In order to withstand a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must contain allegations "*plausibly suggesting (not merely consistent with)*" an entitlement to relief and "*enough to raise a right to relief above the speculative level*." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "*more than labels and conclusions*" and in ruling upon a motion to dismiss, the Court disregards legal conclusions cast in the form of factual allegations. Id. A complaint is insufficient if it tenders "*naked assertion*[s]" devoid of "*further factual enhancement*." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## III. **ARGUMENT**

1. **There Has Been No Violation of 15 U.S.C. § 1692f(6) And Therefore Counts I, II,**

### III, IV, VI, VII, VIII Must Be Dismissed

The plaintiffs aver that section 1692(f) of the Fair Debt Collection Practices Act (hereinafter "FDCPA") prohibits "*debt collectors*" from using any unfair or unconscionable means to collect or attempt to collect any debts. Specifically, 1692f(6) prohibits "*debt collectors*" from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

(A) There is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C) the property is exempt by law from such dispossession or disablement.

### A. EEMI Is Not A "*Debt Collector*" Pursuant To Section 1692a

The plaintiffs plead that all the defendants are "*debt collectors*". However, the plaintiffs expressly aver that Constable Metcalf hired and arranged for EEMI to seize the plaintiff's personal property in order to satisfy the debt held by UCFI (Amended Complaint ¶ 32). EEMI asserts that it is not a "*debt collector*" as defined in §1692(6)(A).

Section 1692a(6) provides in part that the term "*debt collector*" means:

"*any person who uses any instrumentality of interstate commerce or the mails in <u>any business the principal purpose of which is the collection of any debts</u>, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due anothe*r." (Emphasis added)

EEMI's principal business purpose is not the collection of debt. Rather, EEMI was incorporated to conduct business as a towing and storage company. As the plaintiffs admit, EEMI was "*hired*" to "*seize the Plaintiff's personal property*", thus EEMI was

not attempting to collect the underlying debt of UCFI and therefore, EEMI cannot be held to the provisions of a "*debt collector*" under the FDCPA.

**B.     EEMI Is Not A "*Debt Collector*" And Did Not Violate Sections 1692e&f**

Similarly, as EEMI is not a "*debt collector*", it cannot be held liable under the FDCPA for allegedly falsely representing the status of a debt under §1692e(2)(A) or taking action it could not legally take under §§1692e(5) and 1692f(6)(A) and (C).

Section 1692e of the FDCPA provides in relevant part:

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. (2) The false representation of—(A) the character, amount, or legal status of any debt…(5) The threat to take any action that cannot legally be taken or that is not intended to be taken."*

and Section 1692f of the FDCPA reads:

*"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . . .(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; [or](C) the property is exempt by law from such dispossession or disablement.*

Notwithstanding the fact that EEMI is not a "*debt collector*", but rather a business that tows and stores motor vehicles, EEMI asserts that the Amended Complaint fails to aver that said defendant made any comment to the plaintiffs, let alone a false, deceptive, or misleading representation to either plaintiff. The plaintiffs only allege that Constable Metcalf "*falsely advised Espinosa Jr.*" that he was a liar. (Amended Complaint ¶ 41) Moreover, the Amended Complaint also fails to plead

that EEMI made any threat to take any property. Finally, the plaintiffs do not properly aver that the personal property that was seized by EEMI was exempt by law from dispossession. These failures to properly plead the necessary facts to support violations of Section 1692e and f of the FDCPA are fatal to the plaintiffs' claims against EEMI and Counts I, III, IV, VI, and VIII must be dismissed.

C. **EEMI Is Not A "*Debt Collector*" And Did Not Violate Sections 1692d**

Similarly, as EEMI is not a "*debt collector*", it cannot be held liable under the FDCPA for allegedly violating §1692d. Section 1692d states: "*a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*"

Notwithstanding the fact that EEMI is not a "*debt collector*", but rather a business that tows and stores motor vehicles, EEMI asserts that the Amended Complaint fails to aver that said defendant engaged in any conduct which harassed, oppressed, or abused any person in connection with the collection of a debt. The plaintiffs only allege that Junior and Senior's vehicle were seized illegally. (Amended ¶¶ 76, 139). As the plaintiffs themselves acknowledge in the Amended Complaint, EEMI was acting at the request of the co-defendant and therefore, could not harass, oppress, or abuse a person who owed a debt. Accordingly, the facts support EEMI's position that there are no violations of Section 1692d of the FDCPA and the plaintiffs' claims against EEMI and Counts II and VII must be dismissed.

### i. Sovereign Immunity

Even assuming arguendo that EEMI did make threat or did take property exempt from dispossession, or that it engaged in conduct to harass, oppress, or abuse, which it did not, it would be shielded from liability because Constable Metcalf is entitled to sovereign immunity under M.G.L Ch. 258 §10(d) and EEMI was "*hired and arranged*" by Constable Metcalf. (Amended Complaint ¶32)

## 2. There Has Been No Violation Of M.G.L.Ch. 93A And Therefore Counts V And IX Must Be Dismissed

There has been no violation of M.G.L. Ch. 93A by EEMI and therefore Counts V and IX and must be dismissed.

### A. There Is No Trade And Commerce Between The Plaintiffs And EEMI

In order to sustain a claims under M.G.L. Ch. 93A, the plaintiffs must establish a "*trade or commerce*" relationship between the parties. The plaintiffs' improperly base their M.G.L. Ch. 93A claims against EEMI on a theory that EEMI was engaged in trade or commerce with them. (Amended Complaint ¶ 107). Such a finding is meritless. In Petralia v. 145 Marston St., Inc., 559 B.R. 275 (Bankr. D. Mass. 2016), the court dismissed M.G.L. Ch. 93A claims against a defendant, which like EEMI, towed and stored a vehicle at the request of law enforcement (a sheriff) pursuant to an execution. In Petralia, the Court aptly noted that the Massachusetts Court of Appeals found that a M.G.L. Ch. 93A claim could not be brought by a debtor against a judgment creditor or sheriff effectuating a seizure because

"[t]*here was no conduct of trade or commerce between*" the parties. Cady v. Marcella, 49 Mass.App.Ct. 334, 729 N.E.2d 1125, 1133 (2000); See also Foreign Car Ctr. v. Essex Process Serv., 62 Mass.App.Ct. 806, 821 N.E.2d 483, 490 (2005) (relying on Cady to conclude that a judgment debtor could not bring a M.G.L. Ch. 93A claim against a sheriff who seized the debtor's vehicle). In so concluding, the Cady court relied on its statement in a prior case that "[n]*o commercial relationship ever existed between the parties; their only contact occurred in the context of this litigation.*" Cady, 729 N.E.2d at 1133 (quoting Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 625 N.E.2d 1383, 1389, (Mass. App. Ct. (1994)). Here, EEMI had no business relationship with either plaintiff, and certainly, the parties did not engage in trade and commerce with one another. Accordingly, the M.G.L. Ch. 93A claims in Counts V and IX against EEMI must be dismissed.

**B. The FDCPA Claims Against EEMI Fail**

Although M.G.L. Ch. 93A does not require a violation of a statute in order to create liability, even a violation of a statute would not automatically trigger liability. See Charest v. Fannie Mae, 9 F. Supp. 3d 114, 124-25 (D. Mass. 2014). In Walsh v. TelTech Sys., 821 F. 3d 155, 160 (1st Cir. 2016), the Court found that an "*act or practice is unfair if it falls within at least the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to*

*consumers.*" Here, the plaintiffs claim per se violations of M.G.L. Ch. 93A against EEMI in Counts I, IV, and VI of the Amended Complaint for alleged unfair means of collecting or attempting to collect a debt. Such claims are positively moot as EEMI cannot be held liable for any alleged violation of the FDCPA for the reasons set forth in the above arguments. Accordingly, the M.G.L. Ch. 93A claims in Counts VI and XI must be also be dismissed.

### C. The Claims Against EEMI Under 940 C.M.R. 7.07 Fail

The plaintiffs allege violations of 940 C.M.R. 7.07(18) which holds that it may be an unfair or deceptive act or practice for a party to collect, or attempt to collect, any debt under section 18 by the taking or threatening to take any non-judicial action to effect dispossession or disablement of property if: (a) there is no present right to possession of the property claimed as collateral through a court order or an enforceable security interest. These claims fail for the reasons set forth above.

The plaintiffs also aver a violation of 940 C.M.R. 7.07(8) which prohibits "*any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor.*" They further contend a violation of section 10 which forbids, "*any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor.*" The Amended Complaint fails to plead that the EEMI made any such communications.

The plaintiffs also contend violations of 940 C.M.R. 7.07(16) and (19), which bar the collection "*of any amount (including interest, fees, charges or expenses incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law*" and the "*taking possession of or selling upon execution property that is exempt from seizure on execution because its value does not exceed the value for exemption set forth in M.G.L. c. 235, § 34, or the property is otherwise exempt by law from such dispossession or disablement.*" However, the Amended Complaint fails to plead any facts to support these baseless claims.

More importantly, these Codes are directed solely against a "*creditor*" which is defined in §7.03, as a person engaged in collecting a debt, which includes a buyer who hires a third party to collect such debt provided that a "*person shall **not** be deemed to be engaged in collecting a debt…if his or her activities are solely for the purpose of serving **legal process** on another person in connection with the judicial enforcement of a debt.*" (Emphasis added) EEMI is not a debt collector and as the plaintiffs admit, was hired to seize property to satisfy a judgment and thus, EEMI's activities were not unfair nor deceptive but rather solely made in the furtherance of a judicial enforcement and therefore Counts V and IX must be dismissed as to EEMI.

**E. <u>There Has Been No Violation Of M.G.L. Ch. 93 § 49</u>**

Section 49 of M.G. L. Ch. 93 states that no one:

"*who is a creditor or an attorney for a creditor, or an assignee of a creditor, of a*

*natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such debt in an unfair, deceptive or unreasonable manner.*"

EEMI does not wish to belabor the arguments that it is not a "*creditor*", "*attorney for the creditor*" or an "*assignee of a creditor*" but restates that it does not meet any of these criteria necessary to satisfy the plaintiffs' causes of actions against it. As such, all of the plaintiffs claims under M.G.L. Ch. 93A fail as a matter of law.

3. **There Has Been No Conversion And Therefore Count X Must Be Dismissed**

There has been no conversion by EEMI and therefore Count X must be dismissed. Conversion occurs when one person exercises dominion over the personal property of another, without right, either by expropriating the property or depriving the rightful owner of it. Rowe v. Home Savings Bank, 306 Mass. 522, 525 (1940); Spooner v.Holmes, 102 Mass. 503, 506 (1869). Furthermore, the plaintiff must show a right to immediate possession. MacNeil v. Hazelton, 306 Mass. 366, 367 (1940).

Here, the Amended Complaint alleges that Espinosa, Sr. "l*eased*" a motor vehicle and therefore he was not the "*rightful owner*" of the vehicle as it was owned by Honda Financial. (Amended Complaint ¶¶5, 53) Accordingly, without being the "*rightful owner*", Espinosa, Sr. has no claim for conversion and this cause of action must be dismissed. Alternatively, even assuming arguendo that Espinosa, Jr. was the "*rightful owner*" of the vehicle, he would need to show an immediate right to possession of the vehicle which he cannot. The vehicle was seized pursuant to an Execution for which Espinosa, Sr. admittedly has not paid the underlying judgment.

It will be noted again that EEMI acted at the request of Constable Metcalf in seizing the vehicles subject of this suit. Constables, like sheriffs, perform a public function "*as the officers*

*charged with the primary duty of serving process, and the methods by which they administer their offices have to do with methods of administration affecting the county...*" See Finance Commission of Boston v. Basile, 354 Mass. 188, 188-190 (1968). Moreover, as sheriffs have police powers, so do constables. See M.G.L. Ch. 41, § 94. The function of a such persons is a necessary part of the process established by the legislature to both place parties on notice in civil actions, and to enforce judgments made in such. EEMI did not exercise dominion and control of either vehicle "*without right*" as it was acting at the direction of law enforcement. Thus, there can be no finding of any conversion of Espinosa, Sr.'s vehicle and Count X must be dismissed.

Furthermore, the law is clear that a bailee or agent who receives chattels for storage or transport on behalf of his bailor is not subject to liability for conversion if he had no knowledge that his bailor is not the true owner. Gurley v. Armstead, 148 Mass. 267, 268 (1889). Restatement (Second) of Torts § 230 (1965). Prosser & Keeton, Torts § 15, at 95 (5th ed. 1984). The plaintiffs fail to plead that EEMI had any knowledge or reason to know that UCFI was converting Espinosa, Jr. property. Accordingly, there can be no finding of conversion of Espinosa, Jr.'s vehicle by EEMI and Count X must be dismissed.

## IV.   CONCLUSION

WHEREAS there has been no violation of 15 U.S.C. § 1692, Counts I, II, III, IV, VI, VII and VIII must be dismissed; WHEREAS there has been no violation of M.G.L. Ch. 93A, Counts V and IX must be dismissed; and WHEREAS there has been no conversion, Count X must be dismissed. WHEREFORE, the defendant Export Enterprises of MA, Inc. prays its Motion to Dismiss be Allowed.

        Respectfully submitted,
        EXPORT ENTERPRISES OF MA, INC., By its attorney,

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou, BBO #635931
Law Office of E. Pamela Salpoglou, Inc.
P. O. Box 13
Stoughton, MA  02072
(781) 444-4747
Pamela@automobileattorney.com

Dated: May 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 12, 2021.

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou