UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SERGIO ESPINOSA SR., ET. AL,          )
              Plaintiffs,             )
                                      )
                                      )     CIVIL ACTION NO.
v.                                    )     1:21-CV-10356-DJC
                                      )
ANDREW C. METCALF, ET. AL,            )
              Defendants              )
_____)

## MOTION OF DEFENDANT, EXPORT ENTERPRISES OF MA, INC. FOR A PROTECTIVE ORDER STAYING DISCOVERY

NOW COMES the defendant, Export Enterprises of MA, Inc., and respectfully moves this Court for a protective order staying discovery thirty days after the resolution of its pending Motion to Dismiss for Failure to State a Claim upon which relief may be granted. As grounds therefore, a Memorandum in Support of the Motion is attached.

Respectfully submitted,
EXPORT ENTERPRISES OF MA, INC., By its attorney,

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou, BBO #635931
Law Office of E. Pamela Salpoglou, Inc.
P. O. Box 13
Stoughton, MA 02072
(781) 444-4747
Pamela@automobileattorney.com

Dated: May 17, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 17, 2021.

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou

|  |  |  |
|---|---|---|
| SERGIO ESPINOSA SR., ET. AL, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:21-CV-10356-DJC |
| | ) | |
| ANDREW C. METCALF, ET. AL, | ) | |
| Defendants | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT EXPORT ENTERPRISES OF MA, INC.'S MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY

The defendant, Export Enterprises of MA, Inc. (hereinafter "EEMI"), hereby submits this Memorandum in support of its Motion for a Protective Order Staying Discovery.

### I. Preliminary Statement

EEMI's Motion to Dismiss For Failure to State a Claim was docketed on May 12, 2021.

The motion to dismiss is not presently scheduled to be heard. On May 4, 2021, the plaintiffs

propounded their Request for Production of Documents upon EEMI as well as two sets of

Interrogatories (one for each plaintiff). In advance of filing this motion, counsel for EEMI

consulted with counsel for plaintiffs at least three times regarding a stay of thirty days until after

a ruling on the Motion to Dismiss was made. Counsel for the plaintiffs has indicated that he will

not afford EEMI thirty days after the ruling on the Motion to Dismiss in which to respond to the

discovery request propounded.

### II. Argument

EEMI's Motion to Dismiss will, if granted, dispose of this lawsuit in its entirety as to EEMI. Accordingly, a stay of discovery until the Motion to Dismiss is resolved will protect the parties against needless expenditure of time, money, and resources. Even if the Motion to Dismiss is only partially granted, that areas of potential discovery will be narrowed, thereby preventing inefficient use of resources on discovery that later becomes irrelevant. Issuing a temporary stay pending the resolution of EEMI's Motion to Dismiss is well within this Court's powers under Fed.R.Civ.P. 26. Courts routinely stay discovery in situations such as this, and the plaintiffs would not be prejudiced by the requested stay.

### 1. This Court Has Broad Authority to Limit Discovery

This Court has broad authority pursuant to Fed.R.Civ.P. 26(c) requiring it to "*protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.*" In recognition of this authority, the Supreme Court has directed that "*judges should not hesitate to exercise appropriate control over the discovery process.*" See Herbert v. Lando, 441 U.S. 153, 177 (1979). Said Court has recognized the validity of defendants concerns that total stays of discovery be granted pending resolution of dispositive motions. See Ashcroft v. Iqbal, 566 U.S. 129 (2009). As a result, courts routinely hold that it is appropriate to stay discovery where a dispositive motion is pending and where, as here, the dispositive motion raises purely legal issues, for which factual development is inappropriate. See, e.g., Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002) (stay of discovery appropriate because plaintiffs did not persuade the Court that discovery was necessary in order to respond to the motion for summary judgment); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (courts should exercise their

*"broad discretionary and inherent power to stay discovery until preliminary questions which may dispose of the case are determined"*); Transunion Corp. v. Pepsico, 811 F.2d 127, 130 (2d Cir. 1987) (stay of discovery appropriate where discovery was unnecessary to resolving the pending dispositive motion); Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) (discovery appropriate only as necessary to resolve factual disputes raised in pending dispositive motion; all other discovery properly stayed); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 252 (5th Cir. 1985) (affirming district court decision to stay discovery until it could be determined whether the plaintiff stated a claim upon which relief could be granted); Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) (holding that, where a motion to dismiss raises questions of law, discovery is *"not necessary or appropriate,"* and a stay of discovery is proper).

Here, the reasons for staying discovery are straightforward. EEMI's Motion to Dismiss was docketed on May 12, 2021. Further, EEMI's Motion to Dismiss does not hinge on any discovery but rather, advances a purely legal challenge to the validity of the plaintiffs' claims. The Court can resolve the pending Motion to Dismiss by reference to the parties' legal arguments, filed in their briefs. There are no relevant facts to establish and therefore no discovery is necessary at this time. See Persons v. Runyon, 1999 WL 104427, *3 (10th Cir. 1999) (unpublished) (holding that discovery is inappropriate where legal issues determine the outcome of the lawsuit).

Should EEMI's Motion to Dismiss be granted, in whole or in part, no discovery will be necessary, and the proposed stay will have spared the parties an unnecessary expenditure of time, money, and resources. Even if certain of plaintiffs' arguments were to survive the Motion to Dismiss, good cause would exist for staying discovery now, because the ruling on the pending

Motion would narrow the issues in this case and thereby limit the scope of permissible

discovery.

### III. Conclusion

WHEREFORE, this Court should stay all discovery until thirty days after a ruling on
EEMI's pending Motion to Dismiss and award it its fees for having to file the instant Motion.

Respectfully submitted,
EXPORT ENTERPRISES OF MA, INC., By its
attorney,

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou, BBO #635931
Law Office of E. Pamela Salpoglou, Inc.
P. O. Box 13
Stoughton, MA  02072
(781) 444-4747
Pamela@automobileattorney.com

Dated: May 17, 2021

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on May 17, 2021.

*/s/ E. Pamela Salpoglou*
E. Pamela Salpoglou