**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SERGIO ESPINOSA SR. and SERGIO ESPINOSA JR,**<br><br>**Plaintiffs,**<br><br>-against-<br><br><br>**ANDREW C. METCALF d/b/a JUDGMENT ACQUISITIONS UNLIMITED, CHAMPION FUNDING, INC. and EXPORT ENTERPRISES INC.,**<br><br>**Defendants.** | Civil Case Number: **1:21-cv-10356-DJC**<br><br><br>**PLAINTIFF SERGIO ESPINOSA SR.'S ANSWER TO COUNTERCLAIM FILED BY DEFENDANT, EXPORT ENTERPRISES INC.** |

Plaintiff, SERGIO ESPINOSA SR., by and through his undersigned counsel, Marcus & Zelman, LLC, hereby responds to the Counterclaim filed by Defendant, Export Enterprises, as follows:

1. Plaintiff admits the allegations contained in paragraph 1 of Defendant's Counterclaim.

2. Plaintiff admits the allegations contained in paragraph 2 of Defendant's Counterclaim.

3. Plaintiff admits the allegations contained in paragraph 3 of Defendant's Counterclaim, namely that on or about October 9, 2020, Defendant towed a Mini Cooper from Dracut, Massachusetts.

4. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 4 of Defendant's Counterclaim.

5. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 5 of Defendant's Counterclaim.

6. Plaintiff denies the allegations contained in paragraph 6 of Defendant's Counterclaim.

-1-

7. Plaintiff denies the allegations contained in paragraph 7 of Defendant's Counterclaim, particularly the characterization that "an exchange of the Mini Cooper for a Honda Accord was made."  Instead, weeks after the Defendant wrongly seized Plaintiff's son's Mini Cooper while trying to collect on Plaintiff's debt, Defendant returned the Mini Cooper only to immediately then illegally seize Plaintiff's leased Honda Accord.

8. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 8 of Defendant's Counterclaim.

9. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 9 of Defendant's Counterclaim.

10. Plaintiff admits the allegations contained in paragraph 10 of Defendant's Counterclaim, to the extent that – after illegally seizing the Mini Cooper and the Honda Accord – Defendant illegally held and stored these vehicles.

11. Plaintiff admits the allegations contained in paragraph 11 of Defendant's Counterclaim.

12. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 12 of Defendant's Counterclaim.

13. Plaintiff denies the allegations contained in paragraph 6 of Defendant's Counterclaim as categorically and sanctionably false.  Instead, Defendant only offered to return the Honda Accord they illegally held **if the Plaintiff were to agree to a global release of the Defendants**, releasing them of liability in this action.

14. Plaintiff admits the allegations contained in paragraph 14 of Defendant's Counterclaim. Specifically, Plaintiff attempted to retrieve the Honda Accord, but gave up when told he would have to pay thousands of dollars for the Defendant's illegal storage of his vehicle if he wanted his vehicle back.

15. Plaintiff admits the allegations contained in paragraph 15 of Defendant's Counterclaim.

16. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 16 of Defendant's Counterclaim. Plaintiff never paid Defendant for its illegal seizure and storage of his vehicle, but does not know if Defendant received payment from other sources.

17. Plaintiff repeats and realleges his responses to Defendant's allegations above, as if set forth more fully herein.

18. Plaintiff denies the allegations contained in paragraph 18 of Defendant's Counterclaim.

19. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 19 of Defendant's Counterclaim.

20. Plaintiff denies the allegations contained in paragraph 20 of Defendant's Counterclaim.

21. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 21 of Defendant's Counterclaim.

22. Plaintiff admits the allegations contained in paragraph 22 of Defendant's Counterclaim.

23. Plaintiff is without knowledge or information to respond to the allegations contained in paragraph 23 of Defendant's Counterclaim. Plaintiff never paid Defendant for its illegal seizure and storage of his vehicle, but does not know if Defendant received payment from other sources.

24. Plaintiff repeats and realleges his responses to Defendant's allegations above, as if set forth more fully herein.

25. Plaintiff denies the allegations contained in paragraph 25 of Defendant's Counterclaim.

26. Plaintiff denies the allegations contained in paragraph 26 of Defendant's Counterclaim.

27. Plaintiff denies the allegations contained in paragraph 27 of Defendant's Counterclaim,

and denies that Export is entitled to the relief it seeks therein.

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM:

1. Export's counterclaim is barred by illegality. Export illegally seized the Mini Cooper solely owned by Sergio Espinosa, Jr., while seeking to collect a debt owed by Sergio Espinosa, Sr., and then illegally held that vehicle for weeks. Export then returned the Mini Cooper and then illegally seized Sergio Espinosa, Sr.'s leased Honda Accord, holding that vehicle for months. Export cannot now seek to recover payment for illegally seizing and then illegally storing the Plaintiffs' vehicles, when it never should have seized or stored these vehicles in the first place.

2. Export's counterclaim is barred by unclean hands. Export illegally seized the Mini Cooper solely owned by Sergio Espinosa, Jr., while seeking to collect a debt owed by Sergio Espinosa, Sr., and then illegally held that vehicle for weeks. Export then returned the Mini Cooper and then illegally seized Sergio Espinosa, Sr.'s leased Honda Accord, holding that vehicle for months. Export cannot now seek to recover payment for illegally seizing and then illegally storing the Plaintiffs' vehicles, when it never should have seized or stored these vehicles in the first place.

3. Export's counterclaim is barred by estoppel. Export illegally seized the Mini Cooper solely owned by Sergio Espinosa, Jr., while seeking to collect a debt owed by Sergio Espinosa, Sr., and then illegally held that vehicle for weeks. Export then returned the Mini Cooper and then illegally seized Sergio Espinosa, Sr.'s leased Honda Accord, holding that vehicle for months. Export cannot now seek to recover payment for

illegally seizing and then illegally storing the Plaintiffs' vehicles, when it never should have seized or stored these vehicles in the first place.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A.  Dismissing the Defendant's Counterclaim;

B.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 22, 2021

By:___/s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
Marcus Zelman, LLC.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:      (732) 695-3282
*Attorney for Plaintiff*