UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **SERGIO ESPINOSA SR. et al.,**<br>     Plaintiffs<br><br>V.<br><br>**ANDREW C. METCALF et al.,**<br>     **Defendants** | )<br>)<br>)<br>)<br>)    CIVIL ACTION NO. 1:21-cv-10356-DJC<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

**I.    FACTS**

A. Allegations[1]

The plaintiffs allege that the defendants committed a series of illegal acts in connection with the enforcement of a 2006 judgement that Defendant Champion Funding, Inc. (hereinafter "Champion") holds against the plaintiff, Sergio Espinosa, Senior (hereinafter "Senior"). Complaint ¶ 3. Plaintiffs contend that Champion, and co-defendants Andrew Metcalf (hereinafter "Metcalf") d/b/a Judgement Acquisitions (hereinafter "JAU"), sought the services of co-defendants Massachusetts Constable Inc, which does business as Massachusetts Constable Office (hereinafter "MCO") and Mr. Brian Abelli (hereinafter "Mr. Abelli") to execute on the 2006 judgment. Complaint ¶ 40.

Plaintiffs also assert that MCO and Mr. Abelli are "debt collectors" pursuant to 15 U.S.C. §1692(a)(6). Complaint ¶¶ 25-26, 29. Plaintiffs contend that Mr. Abelli and MCO directed

---

[1] For the purposes of this motion only, the pertinent facts, but not legal conclusions or subjective characteristics plead in the Complaint are accepted as true. *See* Rodríguez-Reyes v. Molina-Rodríguez, 711 F. 3d 49, 52-53 (1st Cir. 2013). Mr. Abelli and MCO reserve the right to dispute any and all facts as alleged.

2

Export to seize the Plaintiffs' vehicles at the request of Champion, Metcalf and JAU, that Mr. Abelli and MCO, acting under color of state law, illegally seized both the Mini Cooper, purportedly owned the plaintiff Sergio Espinosa, Junior (hereinafter "Junior"), and the Honda leased by Senior, that Mr. Abelli and MCO had knowledge of the ownership of each vehicle, and that Mr. Abelli or a uniformed constable from MCO was present during each illegal seizure. Complaint ¶¶ 41, 69, 70, 72, 208.

The plaintiffs seek damages against Mr. Abelli and MCO for violations of the Fair Debt Collection Practices Act under 15 U.S.C. §1692, M.G.L c. 93 and 93A , 42 U.S.C. §1983, and for Conversion, which plaintiffs allege arise from the attempts to collect on Senior's debt through the seizure of the Mini Cooper and the Honda leased by Senior. Complaint ¶¶ 6, 132, 188.

## II.   LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief and "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55 (2007). The complaint must contain "more than labels and conclusions" and in ruling upon a motion to dismiss, the Court disregards legal conclusions cast in the form of factual allegations. Id. A complaint is insufficient if it tenders "naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (internal quotations omitted), *quoting* Bell Atlantic Corp. v. Twombly, *Supra* at 557.

### III. <u>ARGUMENT</u>

**1. SENIOR LACKS STANDING TO RAISE CLAIMS AS TO THE SEIZURE OF THE MINI COOPER. THEREFORE, COUNTS VI, VII, VIII, AND IX, MUST BE DISMISSED IN PART.**

The complaint repeatedly alleges that Senior does not own the Mini Cooper and therefore that vehicle could be legally seized to satisfy the judgement resulting from his credit card debt. Assuming that Senior is not the actual owner of the Mini Cooper, Senior lacks standing to raise claims related to the seizure of the Mini Cooper under 15 U.S.C. §1962. Accordingly, Counts VI, VII, VIII, IX, and XI must be dismissed in part.

To have standing, a plaintiff must establish injury, causation, and redressability. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992). For purposes of standing doctrine, an injury is defined as an "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." <u>Culhane v. Aurora Loan Services</u>, 708 F.3d 282, 289 (2013)(citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992)). Given that the Court must assume that the Mini Cooper does in fact belong to Junior and not Senior, as the Plaintiffs repeatedly contend, Senior has failed to establish that he has suffered an injury as a result of the seizure of the Mini Cooper, and therefore lacks standing. Counts VI, VII, and IX must be dismissed in part.

**2. JUNIOR IS NOY A "CONSUMER" AS DEFINED BY 15 U.S.C. 1692a(3). ACCORDINGLY, COUNTS I, II, III, AND IV MUST BE DISMISSED.**

A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). Plaintiffs assert throughout the complaint that Junior is not connected in any way to the credit card debt and resultant judgment. Complaint ¶ 37. Plaintiffs fail to contend that Junior is obligated to pay or "allegedly obligated" to pay said credit card debt. While Plaintiffs assert that Metcalf and JAU, along with their attorney, Mr. Zola, offer to

4

"settle" for $4,000, the factual assertions provide no basis to conclude that any of the defendants alleged that Junior was in fact responsible for the debt or that he was obligated to pay his father's debt. For these reasons, Counts I,II, III, and IV must be dismissed.

3. **MR. ABELLI AND MCO ARE EXEMPT FROM THE DEFINITION OF "DEBT COLLECTORS" PURSUANT TO 15 U.S.C. §1692a(6)(D). THEREFORE, COUNTS I AND IV MUST BE DISMISSED.**

A "debt collector" is defined by 15 U.S.C §1692a(6) as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…The term does not include "Any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C §1692a(6)(D). At all relevant points in time, Mr. Abelli and MCO were acting in connection with the judicial enforcement of the debt as ordered by the Execution granted to Defendant Champion in 2006.

4. **THE COMPLAINT LACKS SUFFICIENT FACTUAL BASIS TO CONCLUDE THAT MR. ABELLI AND MCO VIOLATED 15 U.S.C. §1692f(6). THEREFORE, COUNTS I AND VI MUST BE DISMISSED.**

In order for there to be a violation of 15 U.S.C. §1692f(6), the debt collector must take or threaten to take any nonjudicial action to effect dispossession or disablement of property if: (a) there is no present right to possession of the property claimed as collateral through an enforceable security interest, (b) there is no present intention to take possession of the property; or (c) the property is exempt by law from such dispossession. 15 U.S.C §1692f(6).

Plaintiffs assert that Mr. Abelli and MCO violated Section 1692f(6) in part because they "did not have the present right to take possession of Junior's Mini Cooper." Complaint ¶ 90. Likewise, Plaintiffs assert that Abelli and MCO did not have present right to possession of

Senior's leased Honda because Senior was not the owner of the leased Honda. Complaint ¶¶ 143-144.

Section 1692f(6)(A) specifies that the property being taken must be "property claimed as collateral through an enforceable security interest." Plaintiffs fail to allege any facts that the Senior's debt was secured by any collateral at all. The debt, therefore, is unsecured. Accordingly, Abelli and MCO cannot be in violation of Section 1692f(6)(A) under the theory that there was "no present right to possession" because the property that was taken was not "property claimed as collateral through an enforceable security interest" as required by Section 1692f(6)(A).

Plaintiffs also allege a violation of Section 1692f(6)(c), asserting that both the Mini Cooper and Senior's Honda are "property exempt by law from such dispossession" because neither vehicle can legally be seized to satisfy Senior's debt. Complaint ¶¶ 91,149. Plaintiffs have not provided sufficient facts to support that the property is "exempt by law from such dispossession."

For these reasons, Counts I and VI must be dismissed.

5. **PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT THE CLAIM THAT MR. ABELLI AND MCO VIOLATED 15 U.S.C. §1692d ET SEQ. THEREFORE, COUNTS II AND VII MUST BE DISMISSED.**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt. 15 U.S.C. 1692d. Plaintiffs allege that the "Defendants engaged in a pattern of oppressive and abusive conduct towards Junior," namely that "(a) Defendants illegally seized Junior's vehicle in an attempt to satisfy a Judgement owed by Junior's father, then (b) refused to return Junior's vehicle for over two weeks even though they knew they had no right to hold that vehicle, and (c) attempted to extort money from Junior before they would give him back his vehicle." Complaint,

6

¶ 99-100. The Plaintiffs state that "This conduct was clearly harassing, oppressive, and abusive, in violation of 15 U.S.C. §1692d," Complaint ¶ 101, without further detail.

Section 1692d provides several examples of conduct that constitute violations, including using or threatening to use violence or other criminal means to harm the physical person, reputation or property of any person; use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; publication of a list of consumers who allegedly refuse to pay debts; advertisement for sale of any debt to coerce payment of the debt; causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and the placement of telephone calls without meaningful disclose of the caller's identify." 15 U.S.C §1692d(1)-(6).

Plaintiffs do not provide any fact that Mr. Abelli and MCO specifically engaged in any behavior that would harass, oppress or abuse the Plaintiffs. Rather, Plaintiffs generally state that Mr. Abelli or a uniformed constable from MCO was present during each seizure and that Junior felt intimidated by the presence of the uniformed Constable. Complaint ¶¶ 69-70, 72-74. Additionally, Plaintiffs simply assert that Mr. Abelli and MCO "acted in concert with the other Defendants." Complaint ¶ 31. These allegations of fact are the exact kind the Court in Ashcroft v. Iqbal referred to as "mere conclusory statements" that "do not suffice" to support a factual claim. Ashcroft v. Iqbal, *Supra* at 1949.

6. **THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS THAT A VIOLATION OF 15 U.S.C. §1692e HAS OCCURRED. THEREFORE, COUNTS III AND VII MUST BE DISMISSED.**

Section 1692e prohibits a debt collector from using "false, deceptive, or misleading representations or means" in connection with the collection of any debt. Plaintiffs failed to assert

7

a sufficient factual basis to support the allegations that Mr. Abelli and MCO made any communications at all to either Plaintiff, let alone any false, deceptive or misleading communications or representations in violation of 15 U.S.C §1692e, *et seq*. Plaintiffs allege that Defendants violated Sections 1692e(4), (5), (7), (10) and (11) by wrongfully seizing Junior's vehicle, claiming they had a right to do so, trying to extort settlement money from Junior in order to get his car back, telling Junior he was a liar, and "failing to state on each call placed to Junior that the communication was from a debt collector." Complaint ¶ 114-117.

The Plaintiffs are referring to actions they specifically attribute to Metcalf and JAU in earlier paragraphs of the Complaint, namely that Metcalf advised Junior that he was lying about the ownership of the Mini Cooper, that "Defendants Metcalf and JAU told Junior they would 'settle' for $4,000" and that Metcalf and JAU placed nearly a dozen calls to both Junior and Senior. Complaint ¶ 51, 54-57, 117. As it relates to Mr. Abelli and MCO, the Plaintiffs merely make a general statement that "[a]t all relevant times hereto Mr. Abelli and MCO acted in concert with the other Defendants." Complaint ¶ 31. This is clearly a "naked assertion" devoid of "factual enhancement." Ashcroft v. Iqbal, *Supra* at 1949. Counts III and VII must therefore be dismissed.

7. **PLAINTIFFS CLAIMS UNDER M.G.L. c. 93 AND 93A FAIL. THEREFORE, CLAIMS V AND IX MUST BE DISMISSED.**

Massachusetts General Laws, Chapter 93, §49 provides that "no one who is a creditor or an attorney for a creditor, or an assignee of a creditor…shall collect or attempt to collect such debt in an unfair, deceptive, or unreasonable manner." 940 Mass. Reg. 7.03 defines a creditor as "any person and his or her agents, servants, employees, or attorneys engaged in collecting a debt owed or alleged to be owed to him or her by a debtor…provided, however, that a person shall not

8

be deemed to be engaged in collecting a debt…if his or her activities are solely for the purpose of serving legal process on another person in connection with the judicial enforcement of a debt.

Here, Mr. Abelli and MCO were engaged by Champion, Metcalf, and JAU to "execute on the 2006 judgement." Complaint ¶ 41. Accordingly, Mr. Abelli and MCO are "not deemed to be engaged in collecting a debt" because their activities were "solely for the purpose of serving legal process" in connection with the Execution issued to Champion in 2006.

### A. ALTERNATIVELY, PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS TO SUPPORT THEIR CLAIMS UNDER G.L. c. 93 AND 93A. THEREFORE, COUNT IX MUST BE DISMISSED.

Plaintiffs allege that Defendants' debt collection efforts violated G.L. c. 93 §49 and 940 Mass Code Regs. 7.07 when Defendants illegally seized both vehicles, refused to return both vehicles when they had no right to possession, attempted to extort money from Junior, and threatened to sell the leased vehicle, in an effort to obtain payment on Senior's debt. Complaint ¶ 191.

Plaintiffs fail to provide sufficient factual support for it to be plausible that Mr. Abelli and MCO violated 940 Mass. Code Regs.7.07(8) and (10) because the Plaintiffs have not alleged that Mr. Abelli and MCO ever communicated with or made representations to either Plaintiff, nor that those communications and representations were deceptive or misleading in any way. As previously stated, Plaintiffs allege that Mr. Abelli and MCO worked in concert with the other defendants at all relevant times, but again, this statement is insufficient to show that relief is plausible under Ashcroft v. Iqbal.

Additionally, Plaintiffs assert that Mr. Abelli and MCO violated Section 7.07(19) by seizing the vehicles. Complaint ¶ 191. In order to violate Section 7.07(19), Mr. Abelli and MCO must have possessed the vehicles. 940 Mass. Code Regs. 7.07(19). Plaintiffs do not allege that

9

Mr. Abelli or MCO actually possessed the vehicles, but only contend that Mr. Abelli or a constable from MCO "supervised" the seizure and that Mr. Abelli and MCO worked in concert with the other Defendants. Complaint ¶¶ 31, 72. Such allegations are not sufficient enough to infer that Mr. Abelli and MCO actually possessed either vehicle in violation of Section 7.07(19).

As to Section 7.07(18)(d), Plaintiffs have failed to provide any supporting facts to suggest that the property taken is property exempt by law as set forth in G.L. c 235, §34. Instead, Plaintiffs declare that the vehicles are exempt from dispossession due to the ownership, without further explanation of the applicable exemption. Complaint ¶ 91, 149.

Plaintiffs also contend that Mr. Abelli and MCO have violated Section 7.07(16), which prohibits the collection of any amount "unless such amount is…permitted by law." 940 Mass. Code Regs. 7.07(16). Plaintiffs contend that the seizures of the vehicles are "illegal" and thus cannot be permitted by law. Complaint ¶ 191. Plaintiffs, however, fail to provide any additional facts to demonstrate the illegality of the seizure beyond the assertion that neither vehicle can be seized to satisfy the debt. Complaint ¶¶ 49, 64. These allegations are mere conclusory statements that do not suffice under Ashcroft v. Iqbal.

8. **PLAINTIFFS FAIL TO PROVIDE SUFFICIENT FACTS TO SUPPORT A CLAIM PURSUANT TO 42 U.S.C. §1983. COUNT XI MUST THEREFORE BE DISMISSED.**

In order to succeed on this claim, Plaintiffs must show (1) that Mr. Abelli and MCO acted under color of state law and (2) that their acts deprived the plaintiff of their particular rights under the U.S. Constitution. "Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and [federal] laws." Gray v. Cummings, 917 F. 3d 1, 7-8 (1st Cir. 2019).

As noted by the First Circuit, "The Supreme Court has set forth three tests for determining whether a private party's actions may be deemed to have occurred under color of state law: (1) the public function test, (2) the state compulsion test, and (3) the "nexus" test. *See* Lugar v. Edmondson Oil Co., 457 U.S. 922, 939." Tierney v. Town of Framingham, 292 F. Supp. 3d 534, n. 10 (D. Mass. 2018).

To constitute state action under the public function test, a private party must exercise "powers traditionally exclusively reserved to the State." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974).  See Marsh v. Alabama, 326 U.S. 501 (1946)(finding that a company-owned town was indistinguishable from any other town in that it was open to the public and functioned in the same way as any other municipality). *See also* Terry Et Al.v Adams Et Al., 345 U.S. 461 (1953)(finding that the actions of a private organization constituted state action where the organization became an integral part of the election process). Plaintiffs have not presented any facts to suggest that MCO and Mr. Abelli exercised powers traditionally and exclusively reserved to the State. The complaint lacks any factual allegation that assisting in the collection of a debt is a power "traditionally and exclusively" reserved for the State. Additionally, the complaint fails to allege Mr. Abelli or MCO performed any action at all that is typically considered to fall within the exclusive authority of the State or its agents.  Plaintiffs have therefore not demonstrated state action under the public function test.

The "state compulsion test" requires that a custom or practice exists that has "the force of law by virtue of the persistent practices of state officials." Adickes v. SH Kress & Co., 398 US 133, 167 (1970).   Plaintiffs have not set forth any factual basis  to support the conclusion that Mr. Abelli and MCO were acting pursuant to a "state-enforced" custom of seizing vehicles to satisfy debts. Plaintiffs allege that Mr. Abelli and MCO "acted pursuant to a policy or custom of

11

assisting judgment creditors by seizing assets and depriving debtors of personal property without court order and without providing an opportunity for the debtor to be heard." Complaint ¶ 212. While it may be a common practice for a debt collector to seize property of a debtor in satisfaction of a debt or judgment, a "practice that reflects long standing social habits generally observed by the people in a locality" is not enough to constitute state action under the state compulsion test. Adickes v. SH Kress & Co., *Supra* at 167. Furthermore, the complaint is devoid of any facts suggesting that the policy or custom to which Mr. Abelli and MCO conformed carries the force of law by virtue of the "persistent practices of state officials." Accordingly, Plaintiffs failed to allege facts sufficient to support an inference that there is any state action under the "state compulsion" test.

      To determine whether the conduct of a private party constitutes state action under the nexus test, there must be a "sufficiently close nexus between the State and the challenged action so that the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974). Plaintiffs merely allege that Mr. Abelli and MCO act "under color of state law."  Complaint ¶ 31. This is a legal conclusion couched as a factual allegation and must be disregarded by this Court. Plaintiffs otherwise do not present any facts  between Mr. Abelli, MCO and the government, such that the actions of Mr. Abelli and MCO constitute state action. Plaintiffs allege that Mr. Abelli "markets himself as a Massachusetts Constable" and that Mr. Abelli or a "uniformed constable" was present at each seizure. Complaint ¶¶ 27, 72. However, Plaintiffs fail to present any additional facts to suggest that Mr. Abelli was acting in his official capacity of Constable such that his conduct during the seizures can reasonably considered "state action" under the nexus test.

For these reasons, Plaintiffs have failed to set forth a sufficient factual basis to reasonably conclude that the conduct of Mr. Abelli and MCO, as private parties, rises to the level of state action for purposes of 42 U.S. §1983 and Count XI must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted. Defendants' Motion to Dismiss should be granted and Counts I, II, III, IV, V, VI, VIII, IX and XI must be dismissed.

Respectfully Submitted,
Brian Abelli and Massachusetts Constables Inc.
d/b/a Massachusetts Constables Office,
by their attorney,

_____
Joseph B. Simons, Esq.
Simons Law Office
10 Post Office Square, Suite 800
Boston, MA  02109
(617) 544-9000
BBO #684030

Dated:  April 5, 2022

### CERTIFICATION PER RULE 7.1

Pursuant to Local Rule 7.1, I have attempted to confer with opposing counsel in good faith in an attempt to resolve or narrow the issues, prior to filing the instant motion.

_____
Joseph B. Simons

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 5, 2022.

_____
Joseph B. Simons