**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **SERGIO ESPINOSA SR. et al.,** | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO. 1:21-cv-10356-DJC** |
| | ) | |
| **ANDREW C. METCALF et al.,** | ) | |
| **Defendants** | ) | |
| | ) | |

## DEFENDANTS BRIAN ABELLI AND MASSACHUSETTS CONSTABLES, INC., D/B/A MASSACHUSETTS CONSTABLES OFFICE MOTION FOR SUMMARY JUDGMENT

Now come the defendants, Brian Abelli and Massachusetts Constables Inc, d/b/a

Massachusetts Constables Office, in the above-entitled action and hereby respectfully submits

this Motion for Summary Judgment as to Plaintiffs' Second Amended Complaint Counts II, III,

V, VII, VIII, and IX, pursuant to F.R.C.P 56. As grounds therefore, a Memorandum in Support

of this Motion for Summary Judgment is attached.

> Respectfully Submitted,
> Brian Abelli and Massachusetts Constables Inc.
> d/b/a Massachusetts Constables Office,
> by their attorney,
>
> _____
> Natalie Sreca, Esq.
> Joseph B. Simons, Esq.
> Simons Law Office
> 10 Post Office Square, Suite 800
> Boston, MA  02109
> (617) 544-9000
> BBO #706732
> BBO #684030

Dated:  July 8, 2022

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SERGIO ESPINOSA SR. et al.,**   )<br>    **Plaintiffs**   )<br>   )<br>**V.**   )<br>   )<br>**ANDREW C. METCALF et al.,**   )<br>    **Defendants**   )<br>   ) | **CIVIL ACTION NO. 1:21-cv-10356-DJC** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I.   MATERIAL FACTS NOT IN GENUINE DISPUTE

1.   MCO and Mr. Abelli are agents of Metcalf and JAU.

2.   Senior never spoke to or had contact with a constable, Mr. Abelli or MCO.

3.   Junior did not speak to or have contact with a constable, Mr. Abelli, or MCO after the

    Mini Cooper was towed.

4.   Defendants Metcalf and JAU communicated with or attempted to communicate with

    Senior and Junior on numerous occasions.

## II.   LEGAL STANDARD

The Court shall grant summary judgment if there is no genuine dispute as to any material

fact and the moving party is entitled to judgment as a matter of law. Rule 56(a). The Supreme

Court has held that summary judgment is required "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, which that party

will bear the burden of proof at trial." *Celotex Corp. v. Catret,* 477 U.S. 317, 322 (1986).

II.     **ARGUMENT**

1.  **IT IS THAT SENIOR IS NOT THE OWNER OF THE MINICOOPER, THEREFORE SENIOR CANNOT HAVE SUFFERED HARM AS A RESULT OF THE SEIZURE OF THE MINI COOPER.**

In Counts VI, VII, VIII, and IX, Senior alleges that he suffered harm as a result of the seizure of his son's Mini Cooper. The evidence revealed during discovery shows that Senior was not the owner of the Mini Cooper. Plaintiff contends that for that reason the Mini Cooper could not have been seized to satisfy Senior's debt. The evidence does not suggest, and Senior does not allege, that he suffered from the seizure of his son's vehicle because he had to pay for a rental car for his son, or that he became burdened with ensuring his son had transportation. In fact, Junior owned a second vehicle, so the seizure of the Mini Cooper did not impact either Senior's or Junior's ability to travel and continue on with their day to day activities. Rather, Senior asserts that he was "embarrassed, angered, stressed, harassed, annoyed and frustrated and suffered anxiety and experienced trouble sleeping by the fact that his son's car was wrongfully seized and then held for weeks all over his own judgment debt." Senior's Response to Exports Interrogatories, Response No. 5.  The evidence in this case clearly does not support such assertions, given that Senior, in both his interrogatory responses and in his deposition testimony, states that he did not seek any counseling or medical treatment for such extreme mental injuries. Senior's Response to Export's Interrogatories, Response No. 6. Senior Dep. 43, June 17, 2022.

For these reasons, this Court enter judgment in favor of MCO and Mr. Abelli as to Counts VI, VII, and VIII.

2.  **MR. ABELLI AND MCO CANNOT BE HELD LIABLE FOR ANY VIOLATION OF  THE FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C §1692k(c).**

15 U.S.C. §1692k(c) provides that "a debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was **not intentional and resulted from a bona fide error** notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §16k(c)(emphasis added). Assuming that Mr. Abelli and MCO did violate any provision of the FDCPA for this argument only, Mr. Abelli and MCO cannot be held liable for such violations because any violation was not intentional and resulted from a bona fide error, despite MCO's efforts to verify ownership of vehicles through the LP Police system prior to seizure.

Mr. Abelli and MCO became involved in the collection of this particular debt when Mr. Abelli received a packet from JAU that included a information about the debt and assets of the debtor, including a report clearly showing Senior was the primary owner of the Mini Cooper. Exhibit A. Mr. Abelli and MCO reasonably relied on this report. Abelli Depo. 139, June 16, 2022. In accordance with their own practices, MCO ran a second report to verify ownership of the vehicle using a different system, called LP Police, prior to seizing the Mini Cooper. Exhibit B. It is MCO's usual practice to check ownership using the LP Police system before seizing a vehicle. Abelli's Response to Plaintiffs' First Interrogatories, Response No. 6. Additionally, MCO has even acquired access to an additional database in an effort to further ensure they act in good faith and do their due diligence. Abelli Dep.136, June 16, 2022.

Where a debt collector reasonably relies on information provided to them by a creditor, the debt collector will not be liable for any errors. See *Clark v. Capital Credit & Collection Serv.*, 460 F. 3d 1162, 1172 (9th Circuit, 2006). See also, *Kort v. Diversified Collection Services, Inc.,* 394 F. 3d 531 (7th Circuit, 2005). At the time of the seizure, MCO and Mr. Abelli acted in good faith based on the information they obtained from JAU that was supported by their own

independent search. Abelli Dep. 139, June 16, 2022. Whether Junior told the constable he owned

the Mini Cooper or actually showed the constable his registration, is not a material fact. Based on

the constable's knowledge at the time of the seizure, he reasonably believed that the vehicle

belonged to Senior and informed Junior he could contact JAU if there was an issue with the

vehicle being seized. Junior Dep. June 17, 2022. It arguably would have been unreasonable for

the constable to believe Junior at his word. As Mr. Abelli stated in his testimony, the registration

is just a piece of paper that could itself be outdated and not an accurate reflection of the vehicle's

ownership. Abelli Dep. 152, June 16, 2022.  The fact that Mr. Abelli and MCO ran a third report

using yet another system, ATLAS, which also showed Senior as the primary owner, further

demonstrates that MCO acted in good faith on the information they had and the towing of

Junior's Mini Cooper was in fact a bona fide error. Exhibit C.

Accordingly, judgment must be entered in favor of MCO and Mr. Abelli on Counts I, II,

III, IV, VI, VII, and VIII.

3. **PLAINTIFFS CANNOT PROVE THAT THE CONDUCT OF MCO AND MR. ABELLI VIOLATED 15 U.S.C §1692d AND 15 U.S.C §1692e.**

A debt collector may not engage in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of the debt. 15 U.S.C.

1692d. Likewise, Section 1692e prohibits a debt collector from using "false, deceptive, or

misleading representations or means" in connection with the collection of any debt. To succeed

on Counts III and VII, Plaintiffs must prove that MCO and Mr. Abelli engaged in conduct that

"harassed, oppressed, or abused" the Plaintiffs in connection with the collection of Senior's debt.

Similarly, to succeed on Counts III and VIII, Plaintiffs must prove that MCO and Mr. Abelli

used "false, deceptive, or misleading representations or means" to collect on Senior's debt.

Plaintiffs are unable to prove either pursuant to the basic principles of agency law.

Plaintiffs allege that the "Defendants engaged in a pattern of oppressive and abusive conduct towards Junior," namely that "(a) Defendants illegally seized Junior's vehicle in an attempt to satisfy a Judgement owed by Junior's father, then (b) refused to return Junior's vehicle for over two weeks even though they knew they had no right to hold that vehicle, and (c) attempted to extort money from Junior before they would give him back his vehicle." Second Amended Complaint[1], ¶ 99-100. Additionally, the Plaintiffs assert that Mr. Abelli and MCO "acted in concert with the other Defendants." SAC ¶ 31. The Plaintiffs state that "This conduct was clearly harassing, oppressive, and abusive, in violation of 15 U.S.C. §1692d," SAC ¶ 101.

With respect to violations of 15 U.S.C. §1692e, Plaintiffs allege that "Defendants" violated Sections 1692e(4), (5), (7), (10) and (11) by wrongfully seizing Junior's vehicle, claiming they had a right to do so, trying to extort settlement money from Junior in order to get his car back, telling Junior he was a liar, and "failing to state on each call placed to Junior that the communication was from a debt collector." SAC ¶ 114-117. All allegations refer to actions specifically ascribed Metcalf and JAU, namely that Metcalf advised Junior that he was lying about the ownership of the Mini Cooper, that "Defendants Metcalf and JAU told Junior they would 'settle' for $4,000" and that Metcalf and JAU placed nearly a dozen calls to both Junior and Senior. SAC ¶ 51, 54-57, 117.

### A. Application of Agency Law

It is undisputed that MCO and Mr. Abelli are agents of Defendants Metcalf and JAU. JAU sought the services of MCO to serve the execution of money judgment on Senior and to subsequently seize any personal assets on behalf of JAU and Champion until the debt was paid. Metcalf and JAU employ the services of MCO to serve the executions of money judgment on a

---

[1] Hereinafter referred to as "SAC".

debtor and seize any possessions of the debtor. See Metcalf Dep. Vol. 1, 15-16, Vol. 2, 23, May

31, 2022. See also Abelli Dep. 17, June 1, 2022.

The evidence produced in discovery confirms that Metcalf and other employees of JAU

communicated with Junior on several occasions. See Metcalf Dep. 40, May 31, 2022. See

Metcalf's Response to Senior's Interrogatories Request, Response No. 5. See also JAU's

Response to Junior's First Set of Interrogatories, Response No. 5.  Whether JAU's conduct

towards and communications with the Plaintiffs violates either 15 U.S.C §1692d, §1692e, or

MGL Chapter 93 and 93A is immaterial as it relates to MCO and Mr. Abelli because of the

principal-agent relationship that undeniably exists. The actions of JAU, whether a violation of

the law or not, cannot be attributed to MCO and Mr. Abelli, as the agent of JAU, pursuant to the

basic principles of agency law.

Under the principal-agent relationship here, JAU, as the principal, can be held

responsible for the actions of MCO, but MCO, as the agent, cannot be responsible for JAU's

actions. Restatement Second of Agency §1. Additionally, it has not been argued, and the facts to

not suggest that JAU was an agent of MCO, therefore there is no way MCO can or should be

held responsible for the conduct of Metcalf and JAU.

According to the Restatement Second of Agency, to create such an agency relationship,

there must be "a manifestation of consent by one person to another that the other shall act on his

behalf and subject to his control, and consent by the other so to act." Restatement Second of

Agency §1. In the case at bar, MCO and Mr. Abelli did not manifest any consent for JAU to act

on their behalf, nor is JAU subject to the control of MCO. As discussed above, JAU held the

control in the relationship with MCO. The record is devoid of any facts to suggest that JAU ever

acted on behalf of MCO. Therefore, the conduct of JAU and Metcalf cannot be attributed to

MCO and Mr. Abelli in order to meet the elements required to prove a violation of 15 U.S.C. §1692d and 15 U.S.C §1692e.

Furthermore, the facts of this case show that the direct contact between MCO and either Plaintiff was extremely limited and occurred only at the time the Mini Cooper was seized and that the limited direct contact was not harassing, oppressive, or abusive. Again, Senior very explicitly testified that he never spoke to the constable present during the seizure, or to MCO at any point. Senior Dep. 37, 54, June 17, 2022. If there is no contact at all, then there cannot be any harassing, oppressive, or abusive contact. Likewise, Junior testified that his conversation with the constable was "no more than two minutes" long. Junior Dep. 120, June 17, 2022. During that time, Junior explained that the constable "did inform [him] that the car is being towed because of a credit card debt" that belonged to "Sergio Espinosa," and that when he told the constable that the vehicle was not his father's, the constable advised Junior to call Judgment Acquisitions in the morning to resolve any issues. Junior Dep. 18-19, June 17, 2022. Junior also testified that he could not recall if the constable said whether the debt belonged to Junior or Senior, nor if the constable said anything else to him. Junior Dep. 19, 20, June 17, 2022.

In this brief conversation, the constable honestly stated that the vehicle, which he believed to be owned by the debtor, was being towed to satisfy a debt. He also correctly advised Junior to contact JAU, the company for whom MCO was seizing the vehicle for, in order to resolve any issues with the seizure. Junior did not indicate that the constable used force, or threat of force, that he was aggressive in the conversation, or that he otherwise harassed, oppressed, or abused Junior during the conversation. No such conduct occurred after the seizure of the Mini Cooper, given that Junior also testified that he did not have any contact with Mr. Abelli or MCO at any point after the Mini Cooper was seized. Junior Dep. 65- 66, June 17, 2022.

The mere fact that MCO participated in the seizure of the vehicle is not enough to prove that the actions of MCO and Mr. Abelli were either harassing, oppressive, or abusive, or that MCO and Mr. Abelli. Considering all the facts provided by Junior and Senior in their testimony, there is an obvious lack of evidence to prove that Mr. Abelli or MCO themselves behaved in such a way to harass, oppress, or abuse either Plaintiff in violation of Section 1692d.

The facts clearly do not demonstrate that MCO or Mr. Abelli violated §1692d, §1692e, MGL Chapter 93 and 93A either through their own conduct or vicariously through the conduct of their principal, Metcalf and JAU. Therefore, judgment must be entered in favor of Defendants Abelli and MCO as to Counts II, III, VII, and VIII.

## III.   CONCLUSION

For the foregoing reasons, MCO and Mr. Abelli respectfully request that the Court enter judgment in their favor as to Counts I, II, III, IV, VI, VII, and VIII.

<div style="margin-left:40%">

Respectfully Submitted,
Brian Abelli and Massachusetts Constables Inc.
d/b/a Massachusetts Constables Office,
by their attorney,

_____
Natalie Sreca, Esq.
Joseph B. Simons, Esq.
Simons Law Office
10 Post Office Square, Suite 800
Boston, MA  02109
(617) 544-9000
BBO #706732
BBO #684030

</div>

Dated:  July 8, 2022

9

## CERTIFICATION PER RULE 7.1

Pursuant to Local Rule 7.1, I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue, prior to filing the instant motion.

Natalie Sreca

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 8, 2022.

Natalie Sreca