IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SERGIO ESPINOSA, SR. and
SERGIO ESPINOSA, JR.,

        Plaintiffs,

v.

ANDREW C. METCALF d/b/a
JUDGMENT ACQUISITIONS
UNLIMITED, CHAMPION
FUNDING, INC., and
EXPORT ENTERPRISES, INC.,
MASSACHUSETTS CONSTABLE
INC. D/B/A MASSACHUSETTS
CONSTABLES OFFICE and BRIAN
ABELLI,

        Defendants.

Civil Case Number: 1:21-cv-10356-DJC

**THE DEFENDANTS, ANDREW METCALF D/B/A JUDGMENT ACQUISITIONS
UNLIMITED AND CHAMPION FUNDING, INC.'S, OPPOSITION TO THE
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now come the Defendants, Andrew Metcalf d/b/a Judgment Acquisitions Unlimited and

Champion Funding, Inc., in opposition to the Plaintiff Partial Motion for Summary Judgment on

the issue of whether the seizure of the Mini Cooper and Honda Accord were conversion and in

violation of the Federal Debt Collection Protection Act and M.G.L. ch. 93A. Summary judgment is

inappropriate as to this issue as there are significant factual disputes surrounding the seizure of

these vehicles. The Defendants performed multiple asset searches using online databases both

before and after the seizure of the Mini Cooper, all of which showed the Mini Cooper was

registered to Sergio Espinosa, Sr. ("Senior"). Further, while the Mini Cooper was in the tow yard,

the Plaintiffs did not take any steps to establish that Sergio Espinosa, Jr. ("Junior") was the owner. Lastly, there is no statute or regulation that prohibits a debt collector from seizing a leased vehicle. The Plaintiff cannot cite to a single case where doing so was found to be in violation of the FDCPA or M.G.L. ch. 93A. Therefore, even partial summary judgment is not warranted regarding the seizure of either the Mini Cooper or the Honda Accord.

## BACKGROUND FACTS

Pursuant to a valid execution issued against Senior, the Defendants, Andrew Metcalf and Judgment Acquisitions Unlimited and Champion Funding, Inc. (collectively "JAU"), sent a letter on September 22, 2020 to Brian Abelli at the Massachusetts Constables Office ("MCO") with the execution requesting that MCO seize assets in the name of Sergio Espinosa, Sr. (*JAU Statement of Facts* (JAU SOF, ¶1). The letter included a skip tracer[1] report from Lexis Nexis showing Senior as a registered owner of the Mini Cooper. ( Id. at ¶1).

MCO, prior to seizing the Mini Cooper, performed a second skip trace search in a software program called LP police, which also showed Senior was a registered owner of the Mini Cooper. ( Id. at ¶8).

When the MCO constable went to seize the Mini Cooper, he did not speak with either Senior or Junior ( Id. at ¶2 and 3). Further, Junior does not recall anything he said to MCO at the time the Mini Cooper was seized. ( Id. at ¶11). When seizing a vehicle, it is not MCO's practice or procedure to perform a search of the vehicle being seized. ( Id. at ¶5). When the Mini Cooper was being towed, Junior did not inform MCO or the towing company that there was another car belonging to Senior parked in the driveway. ( Id. at ¶12).

---

[1] A skip trace report is a term used in debt collection for an asset search for a particular individual.

After the Mini Cooper was seized, MCO performed another verification of ownership of the Mini Cooper with a program called ATLAS, which is connect directly to the Registry of Motor Vehicles, and that search showed again that Senior was a registered owner of the Mini Cooper. (Id. at 10).

Junior never went to the office of JAU or the tow company with the Registry of Motor Vehicles registration for the Mini Cooper, on which he is claiming to be listed as the sole registered owner. ( Id. at ¶16).

MCO did a search on ATLAS and the program showed that Sergio Espinosa Sr. was a registered owner of the Honda Accord. (Id. at 18).

After the Honda Accord was seized, Senior told Export Towing to keep his Honda Accord as it was "not my problem". ( Id. at ¶17).

## **ARGUMENT**

### **A.  Standard of Review**

Under Fed. R. Civ. P. 56(c), a party seeking summary judgment must show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In considering such a motion, "the evidence must at all times be viewed in the light most favorable to the non-movant, and all doubts and reasonable inferences must be resolved in the non-movant's favor." Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 684 (1st Cit. 1994). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 150, (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986). If the moving party fails to establish the absence of a genuine issue of material fact, his motion must be denied. Commonwealth Nat'l Bank v. Dawes, 369 Mass. 550, 554 (1976).

3

**B.  There is a Material Question of Fact Regarding Whether the Defendants Committed a Bona Fide Error When Seizing the Mini Cooper**

A debt collector may not be held liable in any action brought under the FDCPA if the debt collector establishes that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c). The debt collector must prove three elements: (1) that the alleged violation was unintentional; (2) that the violation resulted from a bona fide error; and (3) that the debt collector maintained procedures reasonably adapted to avoid any such error. See Kort v. Diversified Collection Servs*., 394 F.3d 530, 537 (7th Cir. 2005).

The record facts in this case as set forth above show that, both before and after the seizure of the Mini Cooper, JAU and MCO reviewed three separate online asset databases, Lexis Nexis, LP Police, and ATLAS (connected directly to the RMV), and all of them showed that Senior was a registered owner of the Mini Cooper. Further, other than calling JAU and claiming to be the owner of the Mini Cooper, Junior did not take any further action to disprove what both JAU and MCO's skip trace research showed. Junior is claiming that the registration showed him to be the owner, but MCO testified that it never spoke Senior or Junior and Mr. Metcalf testified that Junior never showed anyone at JAU the registration. Junior's failure to do so accounts for why the Mini Cooper was held for the length of time that it was, as JAU and MCO had three databases confirming Senior was a registered owner and JAU was not provided any documentation showing otherwise.

The above facts establish a material question of fact regarding the bona fide error defense to the FDCPA as the improper seizure of the Mini Cooper was not intentional. It was based on multiple online asset verifications and there were other cars available in the driveway. Logic dictates that if MCO believed the Mini Cooper was not owned by Senior, it would have just taken one of the other cars. Further, the use of **_three_** separate online databases to verify ownership clearly

4

establishes JAU and MCO maintained reasonable procedures to guard against the improper seizure of vehicles. In any event, there is clearly sufficient evidence to raise a question of fact regarding the FDCPA bona fide error defense that precludes the application of summary judgment.

### C. There is Question of Fact as to Whether Seizing the Leased Honda Accord was a Bona Fide Error and There is No Regulation or Statute that Prohibits the Seizure of Leased Vehicles

The evidence set forth above raises a material question of fact regarding (1) whether the seizure of a leased Honda Accord is a violation of FDCPA and (2) whether the seizure of the leased Honda Accord was a bona fide error under the FDCPA.

### 1. No Statute of Regulation Regarding Leased Vehicles.

In support of their contention that leased vehicles are not subject to seizure, the Plaintiffs only cited the 1893 case of John P. Van Ness v. Alpheus Hyatt, et. al., the Court found that Maryland law precludes levying on an equitable interest in property. Van Ness v. Hyatt, 38 U.S. 294, 298 (1839). However in that same decision, the Court stated that a mortgagor is the real owner of the property prior to foreclosure and such rule has "extensively prevailed" in the United States. Van Ness v. Hyatt, 38 U.S. 294, 298 (1839). The only reason such a widely held rule was not applied in Van Ness was because the Court was required to apply the laws of Maryland as they existed in 1839, which at the time in Maryland was that equitable interests are not liable for execution. Id. at 288-299. It appears from the decision that if the facts were occurring in many other states, the equitable interest would be treated similar to a mortgage where the mortgagor is considered the real owner and the equitable interest could be subject to execution. Id. The limited jurisdictional scope of Van Ness, together with it being decided at a time before automobiles even existed, is not authoritative on the question of whether a lease car is subject to seizure. Were the Court to apply Van Ness, its discussion regarding mortgage is more applicable to the present

matter. A vehicle lease is certainly comparable to a mortgage, as in both instances the buyer pays a deposit and then makes monthly payments that reduce the amount owed on the car.

In any event, it is a considerable stretch in 2022 to claim that a case decided in 1839, before the existence of the automobile, is dispositive as to the question of whether a leased vehicle is subject to seizure. It is also telling that in the 183 years since the <u>Van Ness</u> decision, not a single state has enacted a statute or regulation, and a Court has not released a single decision on the issue. A logical conclusion can be drawn from that void is that the question of whether a leased vehicle is subject to seizure has simply not yet been decided in Massachusetts or any other state. As a result, absent such a regulation or law, summary judgment is not appropriate regarding seizure of the lease Honda Accord being in violation of the FDCPA.

2.  *There is Question of Fact Regarding a Bona Fide Error*

Just as with the Mini Cooper, the asset skip trace reports done by MCO here shows Senior as a registered owner of the Honda Accord. There is no evidence on record that JAU or MCO were material question of fact as to whether or not the seizure of the Honda Accord was also a good faith error that occurred after asset searches were performed confirming ownership. Therefore, there there is again a material question of fact regarding whether the Defendants committed a bona fide error when the Honda Accord was seized.

Regarding the length of time the Honda Accord was held, there is certainly a factual dispute regarding the length of that period of time and why Senior never retrieved the vehicle despite it being released. It appears from the record evidence that Export Towing informed Senior that the Honda Accord was released, and he could pick it up upon payment of the towing and storage, to which Senior responded, "keep it, not my problem". Therefore, there is a question of fact as to

Senior's efforts to mitigate his damages and whether he could simply have paid the fees and gotten his car back rather than let seven months go by and then sue the Defendants for loss of his car for that lengthy period of time. In any event, the length of time the vehicles were wrongfully held is a disputed fact. For these reasons, partial summary judgment cannot be applied to the claim regarding violation of the FDCPA for the seizure of the Honda Accord.

>    **D.  Massachusetts Ch. 93A is Not a Strict Liability Statute and the Plaintiff is Required to Prove that the Defendants Acted in an Unfair, Deceptive, or Unreasonable Manner.**

In order to prevail on their M.G.L. ch. 93A violation, the Plaintiffs must establish that the Defendants acted unfairly or deceptively when they seized the Mini Cooper and Honda Accord. However, the record evidence shows that JAU and MCA made diligent asset searches to determine ownership of the Mini Cooper and the Honda Accord. Given all the searches performed showed that Senior was a registered owner of the Mini Cooper and the Honda Accord, there is simply no evidence that, at the time of the seizure, anyone was acting unfairly or deceptively. The Plaintiffs will contend that the seizure of the Mini Cooper was unfair and/or deceptive after Junior retrieved the registration from the glove box and showed the Constable at the time of the seizure. However, Brian Abelli testified that no one at MCO ever spoke with Junior or Senior at the time of seizure. Therefore, a clear question of fact has arisen regarding this issue that would preclude summary judgment.

A question of fact has also arisen regarding why the Mini Cooper and the Honda Accord were retained following the seizure. Regarding the Mini Cooper, there is no evidence that Senior or Junior, beyond verbally claiming so, showed documentation to JAU that Junior was the only owner of the Mini Cooper to negate the three skip trace reports that all showed Senior as a registered owner. While Junior claims to have had the registration in the glove box, it is undisputed that he

never showed it, or any other documentation, to anyone at JAU. As to the Honda Accord, there is

record evidence that the vehicle was released to Senior and he refused to pick it up. The Plaintiffs

are going to counter that he did not feel he should pay the towing fees and that is why he did not

pick it up. Be that as it may, there is a question of fact surrounding why Senior was without the

Honda Accord and wrongfully for what period of time. Given this factual dispute, summary

judgment is inappropriate.

### E. Summary Judgment is Not Appropriate Regarding the Claim of Conversion Because There is a Question of Fact Regarding the Defendants' Knowledge of Ownership at the Time of the Seizure

An action for conversion cannot be maintained without proof the defendant did some positive

act with the intention to deprive the owner of the property. Grande v. PFL Life Ins. Co., No. 9663,

2000 WL 1476676, at *4 (Mass.App.Div. Sept.27, 2000) (quoting Spooner v. Manchester, 133

Mass. 270, 273 (1882).

As described above, JAU and MCO held a valid execution against Senior and performed

three skip trace reports, all of which showed that Senior was a registered owner of the Mini

Cooper. While the Plaintiffs baselessly claim otherwise, there is no evidence that JAU and MCO

knew Senior was not an owner at the time of the seizure of the Mini Cooper. Therefore, at the very

least, a factual dispute exists regarding the Defendants knowledge regarding ownership and the

Court, via partial summary judgment, cannot deem the Defendants acted with the intention to

deprive Junior of his Mini Cooper.

Regarding the Honda Accord, again the skip trace reports accurately showed that Senior

was a registered owner of the Honda Accord and on that basis MCO, holding a valid execution

against Senior, seized the vehicle. There is no evidence that either MCO or JAU knew at the time

the Honda Accord was seized that it was a lease and, in any event, there is no legal authority cited

anywhere that a lease vehicle cannot be seized by execution in the Commonwealth of Massachusetts.

Lastly, as set forth above, there is certain a question of fact regarding the length of time these vehicles were seized and how much, if any of that time, were the vehicles being held illegally. Junior never showed JAU any documentation establishing he was the sole owner of the Mini Cooper. Likewise, there is evidence here that the Honda Accord was released to Senior and he refused to pick it up. Both sides are going to present evidence regarding issue of how long the vehicles were wrongfully held. That raises a factual dispute and summary judgment is inappropriate.

WHEREFORE, for the foregoing reasons, the Defendants, Andrew Metcalf d/b/a Judgement Acquisitions Unlimited and Champion Funding, Inc., request that this Honorable Court DENY the Plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted,

The Defendant,
ANDREW C.  METCALF, d/b/a
JUDGMENT ACQUISITIONS UNLLIMITED
AND CHAMPION FUNDING, INC.,

By their Attorneys,


 /s/ Brendan R. Pitts
Paul K. Flavin, Esq.
Brendan R. Pitts, Esq.
Flavin Pitts, P.C.
424 Adams Street, Suite 100
Milton, MA 02186
p. 617-698-6000
f. 617-977-1573
bpitts@flavinpitts.com
pflavin@flavinpitts.com

Dated: 7/26/22

**CERTIFICATE OF SERVICE**

I, Brendan R. Pitts, do hereby certify that a copy of the foregoing pleading has been provided to all parties of record via the CM/ECF system.

/s/ Brendan R. Pitts

Dated: 7/26/22

11