UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SERGIO ESPINOSA SENOIR ET. AL,<br>    Plaintiffs,<br><br>v.<br><br>ANDREW C. METCALF, ET. AL,<br>    Defendants | CIVIL ACTION NO.<br>1:21-CV-10356-DJC |

### DEFENDANT, EXPORT ENTERPRISES OF MA, INC.'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

1. Export Enterprises of MA, Inc. (hereinafter "Export") is not a "*debt collector*" nor a "*creditor*" as it is a corporation performing "*towing and storage of motor vehicles*".[1] See Export's Exhibits 1 and 2.

2. Senior testified his name was "*Sergio De Jesus Espinosa with a Z*" and did not bother mentioning his Senior suffix when he was asked his legal name and a judgment and execution issued against him in 2006 which he was unsuccessful in vacating the judgment. See Export's Exhibit 3. See Deposition annexed hereto as Senior Deposition (Senior 6:11).

3. Andrew Metcalf, Judgment Acquisitions Unlimited and Champion Funding, Inc. (hereinafter collectively the "Metcalf Defendants") hired Massachusetts Constable, Inc. (hereinafter "MCO") which are considered part of law enforcement 12, 30. and Export was hired by MCO. See Deposition annexed hereto as Metcalf Deposition. (Metcalf 17:1) See Deposition annexed hereto as Abelli Deposition. (Abelli 128:22).

4. MCO told Export the Mini Cooper was seizable property in his records. (Abelli 31:20).

---

[1] However, in plaintiffs' Statement of Material Facts they appear to conceded that Export is not a "*debt collector*" as it is not plead.

5. The registration for the Mini Cooper (Plaintiffs' Exhibit H) is not prima facie evidence of ownership and the records produced by the Commonwealth's Massachusetts Registry of Motor Vehicles (Plaintiffs' Exhibit N) only lists the owner of Mini Cooper as "*Espinosa, Sergio*" and not "*Espinosa, Sergio, Junior*".

6. Plaintiffs' Exhibit N does not demonstrate ownership of the Mini Cooper to Sergio Espinosa, Junior (hereinafter "Junior") in 2020, only that a "*Sergio Espinosa*" was the owner of the vehicle on June 23, 2022.

7. Plaintiffs' Exhibit N provides a registration address for the Mini Cooper at 1366 Bridge Street, Dracut, MA, 01826, which is where Senior lives but Junior has resided in 305 Dutton Street, Lowell, MA, 01854, for the last year. (Senior 9:16) See Deposition annexed hereto as Junior Deposition (Junior 7:5,8).

8. MCO received an execution package from the Metcalf Defendants containing the 2006 judgment and an asset search document and Constable Abelli produced two different documents that lists two owners of the Mini Cooper. (Abelli 28:21; 30:4). See D's Exhibit 4.

9. The information viewed by MCO listed the "*Registrant*" of the Mini Cooper as "*Espinosa, Senior*", it also listed Owner 1 as "*Espinosa, Sergio*" and Owner 2 as "*Espinosa, Sergio*". (See Export's Exhibit 4).

10. MCO did its own asset research through a "*LP Police*" search which confirmed the ownership of the Mini Cooper to a "*Sergio Espinosa*". (Abelli 35:145) (See D's Exhibit 4).

11. On September 22, 2020, the plaintiffs were awakened by the sound of a truck in the driveway or the sound of a dog and when Senior came outside, the Mini Cooper was "*connected*" to a tow truck. (SAC ¶ 44) (Senior 33:2) (Senior 26:7).

12. Export had no role in determining the ownership of the Mini Cooper. (Abelli 130:16).

13. MCO directed Export to seize a Mini Cooper and a constable was present. (Abelli 118:15). Junior like MCO, admits that Export was working at the direction of the constable which told it to take the Mini Cooper. (Jr. 117:4) (Abelli 31:24).

14. Senior called Junior to "*come on down*" and when he did, Junior only spoke with a constable who informed him that the Mini Cooper was being towed because of a credit card debt owed by a "*Sergio Espinosa*". (Senior 28:14) (Junior 19:1, 6).

15. While Junior only talked to the constable, the tow truck driver continued getting everything situated to further tow the Mini Cooper. (Junior 21:19).

16. Senior had no communications with Export about the Mini Cooper. (Senior 36:24).

17. Junior had no communications with Export about the Mini Cooper. (Junior 104:20)

18. MCO was not shown a copy of the registration for the Mini Cooper by Junior. (Abelli 151: 20).

19. Junior testified that he did not hand over the Mini Cooper's registration to Export. (Junior 134:11).

20. While in the presence of a constable wearing black pants and holding something that could have been a gun, Junior somehow managed to unlock the Mini Cooper that was on chains and being towed onto a flat bed he managed to retrieve a registration from the vehicle and provided it to the constable. (Junior 17:14, 24; 22:1; 23:14).

21. Junior first raised the allegation about showing the Mini Cooper's registration to MCO only in the Second Amended Complaint. (SAC ¶73).

22. Junior admitted that providing the registration to the constable was an "*important fact*" that was omitted from three pleadings. (Junior 98:13).

23. Junior never went to Export where the Mini Cooper was being stored to tell them he was the owner of the Mini Cooper nor to get the registration. (Junior 46:10).

24. Export was not paid for the tow and storage of the Mini Cooper and it was returned to 1366 Bridge Street, Dracut, MA, at no cost on October 9, 2020. (Senior 57:4-7).

25. Junior went to Dracut Police station where the Mini Cooper is allegedly registered to an address of 1366 Bridge Street, but the Dracut Police did not give him proof that he was the sole owner of the Mini Cooper. (Junior 33:12).

26. Junior went to the Lowell Police station at the request of the Dracut Police, to get proof of ownership but the Lowell Police did not provide Junior with any documentation. (Junior 34: 3, 12).

27. On the night the Mini Cooper was towed back to Dracut, Junior and a constable with a gun holster were present. (Junior 110:2;106:19).

28. The plaintiffs contend that only Constable Abelli, Metcalf, JAU, Champion and not Export, knew the Honda Accord was a leased automobile prior to it being towed from Dracut. See Plaintiff Statement of Material Facts ¶58.

29. MCO instructed Export to tow a Honda Accord. (Abelli 118:19).

30. Export had no role in determining the ownership of the Honda Accord. (Abelli 130:16).

31. MCO supervised the tow of the Honda Accord and a constable was present. (Abelli 39:7-11)

32. The registration for the Honda Accord (Plaintiffs' Exhibit K) is not prima facie evidence of ownership and even cursory examination of the Commonwealth of Massachusetts Registry of Motor Vehicles Atlas report reveals the "*Primary Owner*" of the Honda Accord as "*Sergio De Jesus Espinosa*" and it further lists the "*Lien Holder*" as Honda Lease Trust. See Export's

Exhibit 5.

33. Junior testified that he did not have a conversation with the constable or with the tow truck driver the night the Honda Accord was towed from Dracut. (Junior 111:6,9,18)

34. Senior did not remember Junior having any communications with anyone on that evening. (Senior 58:1).

35. Thereafter, Junior and Senior did not contact Export to arrange the return of the Honda Accord. (Junior 111:21) (Senior 59:23).

36. Junior allegedly researched the law regarding seizures of leased automobiles. (Junior 108:8).

37. Neither Senior nor Junior ever produced a copy of the alleged Honda Accord's lease directly to Export. (Senior 60:5) (Junior 115:12).

38. Junior testified that once he learned the Honda Accord was being released by the Metcalf Defendants, he and his father began driving to Export's lot. (Junior 112:17).

39. About five to ten minutes away from that lot, Junior claims that he spoke with an unknown named gentlemen who said there were storage charges involved, but that he does not even recall asking what those storage charges were and he could not recall whether he was informed that the storage fees were a few hundred dollars. (Junior 113:13: 114:1,10, 17,21).

40. Constable Abelli states that anyone can change a registration. (Abelli 153, 25).

41. Constable Abelli testified that he was informed that Senior did not want to keep the Honda Accord. (Abelli 133,10).

42. Senior and Junior did not contact Export at any time in the months of November and December, 2020. (Jr 115:19).

43. Junior and Senior did absolutely nothing to mitigate their alleged damages. (Junior 116:15).

44. On January 25, 2021, Export put the plaintiffs on notice that its primary business was the towing and storage of motor vehicle and that it was not engaged in financing, lending, nor debt collection. (See Plaintiffs' Exhibit Q).

45. Junior admits he has no evidence that Export was a "*debt collector*". (Junior 92:12).

46. Constable Abelli specifically instructed Export that Senior was responsible to pay all towing and storage charges. (Abelli, 67:24).

47. On December 30, 2020, a Notice of Abandoned Vehicle from Auto Impound Solutions was sent to Honda Lease Trust via certified mail and the Honda Accord was not redeemed rather, Honda's response was to charge Senior's lease account the seizure fees it was advised had been incurred. (See Plaintiffs' Exhibit T)(Junior 130:9).

48. Plaintiffs' counsel sent a purported demand letter to Export which made a "*demand for relief*" as follows: "*we demand that you immediately return Senior's Honda Accord.*" . (See Plaintiffs' Exhibit O)

49. On February 11, 2021, Export responded that in exchange for releases, the Honda Accord could be retrieved by Senior without "*any payment*". (See Export's Exhibit 6).

50. The Honda Accord was returned to Senior without payment. (Abelli 55:25).

51. In its answers to plaintiffs' interrogatories, Export averred that in 2019, it performed 28,661 tows and roadside assist and there were no tows for any constables. Accordingly, Export performed **0%** of all its tows for constables. In 2020, Export performed 20,998 tows and roadside assists while only performing 19 tows for constables. Accordingly, Export performed less **.09048481%** of all of its tows for constables. Lastly, Export's answers indicated it had not performed a single "*repossession*" in 2019-2021. (See Export's Exhibit

2).

        EXPORT ENTERPRISES OF MA, INC., By its attorney,
        */s/ E. Pamela Salpoglou*
        E. Pamela Salpoglou, BBO #635931
        Law Office of E. Pamela Salpoglou, Inc.
        P. O. Box 13
        Stoughton, MA  02072
        (781) 444-4747
        Pamela@automobileattorney.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2022.

        */s/ E. Pamela Salpoglou*