IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SERGIO ESPINOSA SR. and SERGIO ESPINOSA JR,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**ANDREW C. METCALF d/b/a JUDGMENT ACQUISITIONS UNLIMITED, CHAMPION FUNDING, INC., EXPORT ENTERPRISES INC., MASSACHUSETTS CONSTABLE INC., d/b/a MASSACHUSETTS CONSTABLES OFFICE and BRIAN ABELLI,**<br><br>**Defendants.** | Civil Case Number: 1:21-cv-10356-DJC |

**PLAINTIFFS' RESPONSE TO THE STATEMENT OF MATERIAL FACTS SERVED BY DEFENDANTS
ANDREW C. METCALF d/b/a JUDGMENT ACQUISITIONS UNLIMITED, and CHAMPION FUNDING, INC., PURSUANT TO FRCP 56**

Plaintiffs, SERGIO ESPINOSA SR. and SERGIO ESPINOSA JR, by and through the undersigned counsel, hereby submits this Response to the Statement of Material Facts served by Defendants ANDREW C. METCALF d/b/a JUDGMENT ACQUISITIONS UNLIMITED, and CHAMPION FUNDING, INC., pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rules:

1. Pursuant to a valid execution issued against Sergio Espinosa Sr., the Defendants, Andrew Metcalf and Judgment Acquisitions Unlimited and Champion Funding, Inc. (collectively "JAU") sent a letter on September 22, 2020 to Brian Abelli at the Massachusetts Constables Office ("MCO") with an execution requesting that MCO

seize assets in the name of Sergio Espinosa, Sr. (See Ex 1., Depo Trans. *Metcalf*, 46:25-48:11).

**Response:** **Plaintiffs do not dispute these facts. However, the facts are incomplete, as the Metcalf Defendants also provided Brian Abelli and the MCO with a 'lead report', listing Junior as an owner of the Mini Cooper. See, Plaintiff's Exhibit D, 46:15:22; 47:17 – 49:18.**

2. No representative of the Massachusetts Constables Office ("MCO") ever spoke with either Sergio Espinosa Sr. or Sergio Espinosa Jr. (See Ex. 2, Depo Trans. 6/1/22, *Abelli*, p. 24:22-25:4).

**Response:** **Plaintiffs dispute these facts. Defendants rely on inadmissible rank hearsay to support this fact, as Mr. Abelli expressly testified that he had no personal knowledge as to what occurred at the time of the seizure and that his knowledge was all based on what his colleague told him – during a conversation Mr. Abelli could not even recall if he had ever actually had. *See,* Plaintiff's Exhibit F, 150:21-25; 18:5 – 19:1; 71:21 – 72:1; 74:6 – 75:1.**

**Sergio Espinosa Jr. expressly testified that, at the time of the Mini Cooper's seizure, he retrieved the Mini Cooper's registration from the glove compartment and showed it to the constable at the scene. *See*, Plaintiff's Exhibit B, 22:9-17; 23:11-17; 95:22-96:15; 126:17-127:6; 21:21-24; 85:17-20. Sergio Espinosa Sr. also expressly testified that he saw Junior retrieve the Mini Cooper's registration from the glove compartment and show it to the constable at the scene. *See,* Plaintiff's Exhibit A, 29:1-4; 33:9-14; 55:20-24; 28:13-17.**

3. While MCO was at the home of Sergio Espinosa Sr. and Sergio Espinosa Jr, they did not speak to anyone. (Depo Trans. 6/1/22, *Abelli*, p. 40, ll. 19-21; p. 76, ll. 5-8).

**Response:** **Plaintiffs dispute these facts. Defendants rely on inadmissible rank hearsay to support this fact, as Mr. Abelli expressly testified that he had no personal knowledge as to what occurred at the time of the seizure and that his knowledge was all based on what his colleague told him – during a conversation Mr. Abelli could not even recall if he had ever had.  *See,* Plaintiff's Exhibit F, 150:21-25; 18:5 – 19:1; 71:21 – 72:1; 74:6 – 75:1.**

**Sergio Espinosa Jr. expressly testified that, at the time of the Mini Cooper's seizure, he retrieved the Mini Cooper's registration from the glove compartment and showed it to the constable at the scene.  *See*, Plaintiff's Exhibit B, 22:9-17; 23:11-17; 95:22-96:15; 126:17-127:6; 21:21-24; 85:17-20.  Sergio Espinosa Sr. also expressly testified that he saw Sergio Espinosa Jr. retrieve the Mini Cooper's registration from the glove compartment and show it to the constable at the scene.  *See,* Plaintiff's Exhibit A, 29:1-4; 33:9-14; 55:20-24; 28:13-17.**

4. The Mini Cooper was towed from Mr. Espinosa's home to the Export Towing tow yard. (Depo Trans. 6/1/22, *Abelli*, p. 41, ll. 2-5).

**Response:** **Plaintiffs do not dispute these facts.**

5. It is MCO's practice and procedure to not look inside a glove box or otherwise search a vehicle being towed. (Depo. Trans. 6/1/22, *Abelli*, p. 41, ll. 11-18).

**Response:** **Plaintiffs do not dispute these facts.**

6. It is MCO's practice that a leased vehicle can be seized and MCO is not aware of any law that says leased vehicles cannot be seized. (Depo, Trans. 6/1/22, *Abelli*, p. 58, ll. 8-24; p. 60, ll. 6-9).

**Response:** **Plaintiffs do not dispute that "it is MCO's practice that a leased vehicle can be seized". Plaintiff objects to Defendants' ignorance of the law as irrelevant to any available defense, particularly where the MCO conducted no research or obtained no legal advice as to whether leased vehicles could legally be seized by it.** *See,* **Plaintiff's Exhibit F, 62:3-21.**

7. Prior to the Mini Cooper being seized, Judgment Acquisitions Unlimited performed an asset search on Lexis Nexis and the report showed Sergio Espinosa, Sr. as a registered owner of the Mini Cooper. (Depo Trans., *Metcalf*, p. 64:12-65:1).

**Response:** **Plaintiffs do not dispute these facts.**

8. Prior to seizing the Mini Cooper, MCO searched Sergio Espinosa, Sr. in its software, LP Police, and the Mini Cooper showed up as being registered to Sergio Espinos, Sr. (Depo Trans. 6/1/22, *Abelli*, p. 31, ll. 16-24).

**Response:** **Plaintiffs dispute these facts. Mr. Abelli testified that the LP Police report was printed in February of 2021 – five months after the Mini Cooper was seized in September of 2020 – and that he had no idea what that report**

**reflected at the time of the Mini Cooper's seizure.** *See,* **Plaintiff's Exhibit F, 116:12 – 117:7.**

9. Even if the Mini Cooper was co-owned by Sergio Espinosa, Jr. and Sergio Espinosa, Sr., it is property of the debtor, Sergio Espinosa, Sr., that is subject to seizure. (Depo Trans. 6/1/22, *Abelli*, p. 34:19-35:10).

    **Response:** **Plaintiffs dispute and objects to these facts, which are not 'facts' but simply Mr. Abelli's personal opinion couched as fact.**

    **In any event, Mr. Abelli and Mr. Metcalf both expressly admitted that the Mini Cooper is <u>not</u> 'co-owned' by anyone, and that it is solely owned by Sergio Espinosa, Jr.** *See***, Junior's Registration for Mini Cooper, at Plaintiff's Exhibit H; Metcalf's testimony at Plaintiff's Exhibit D, 54:11-21; Abelli's testimony at Plaintiff's Exhibit F, 47:22 – 49:3.**

10. After the Mini Cooper was seized, MCO performed another verification of ownership of the Mini Cooper with a program called ATLAS, which is connect directly to the Registry of Motor Vehicles, and that search showed Sergio Espinosa, Sr. as an owner of the Mini Cooper. (Depo Trans. 6/1/22, *Abelli*, 107:22-108:17).

    **Response:** **Plaintiffs object to these facts as irrelevant, as the Defendants have zero idea as to when they pulled the ATLAS report. Instead, Mr. Abelli only testified that he only pulled an ATLAS report at some point after this case was filed.** *See,* **Plaintiff's Exhibit F, 107:19 – 108:3; 108:25 – 109:14; 153:7-11.**

11. Sergio Espinosa, Jr. cannot recall anything he said to the Constable from MCO during the alleged conversation when the Mini Cooper was seized. (See Ex. 3, Depo Trans., *Espinosa Jr.,* p. 20, ll. 3-20).

    **Response:** **Plaintiffs dispute these facts. Sergio Espinosa Jr. expressly testified that, at the time of the Mini Cooper's seizure, he retrieved the Mini Cooper's registration from the glove compartment and showed it to the constable at the scene, explaining that they were taking his car.** *See***, Plaintiff's Exhibit B, 19:17-21; 22:9-17; 23:11-17; 95:22-96:15; 126:17-127:6; 21:21-24; 85:17-20.**

    **Sergio Espinosa Sr. also expressly testified that he saw Sergio Espinosa Jr. retrieve the Mini Cooper's registration from the glove compartment and show it to the constable at the scene.** *See,* **Plaintiff's Exhibit A, 29:1-4; 33:9-14; 55:20-24; 28:13-17.**

    **Junior's testimony is twisted out of context by the Defendants, because Junior only testified at his June 2022 deposition that he could not remember the exact words used in the conversation which occurred two years prior in September of 2020.** *See,* **Plaintiff's Exhibit B, 20:14 – 21:1.**

12. Sergio Espinosa, Jr. never directed the Constable from MCO or the tow truck driver to his father's Honda Accord, which was also parked in the driveway at the time the Mini Cooper was seized. (Depo Trans., *Espinosa Jr.*, 22:18-23:6).

    **Response:** **Plaintiffs do not dispute these facts.**

13. Despite believing his Mini Cooper was improperly taken from his driveway at 3 a.m., he did not call the police when it was taken. (Depo Trans., *Espinosa Jr.*, p. 26, ll. 3-23).

    **Response:        Plaintiffs do not dispute these facts.  Junior testified that he thought there was no point at that time, since he believed the uniformed and armed constable to be law enforcement.  *See,* Plaintiff's Exhibit B, 26:3-16. Instead, Junior called the police the next day.  *See,* Plaintiff's Exhibit B, 30:19 – 31:14.**

14. Sergio Espinosa, Jr. never went to Export Towing where the Mini Cooper was being held. (Depo. Trans, *Espinosa Jr.*, p. 46, ll. 10-12).

    **Response:        Plaintiffs do not dispute the fact that the car-less Junior did not travel the 40 minutes between his home in Dracut and the tow yard in Medford.**

15. Sergio Espinosa never contacted MCO after the seizure of the Mini Cooper. (Depo. Trans., *Espinosa, Jr.,* p. 66, ll. 5-10).

    **Response:        Plaintiffs do not dispute these facts.**

16. Sergio Espinosa, Jr. never went to Export Towing to retrieve the registration to show it to Judgment Acquisitions because he did not think it would solve anything. (Depo. Trans., *Espinosa Jr.*, p. 79:16-80:15).

    **Response:        Plaintiffs do not dispute these facts.  Junior expressly testified that he emailed the Metcalf Defendants on September 24, 2020 and advised them**

that they could check his registration in the glove compartment of the Mini Cooper they were holding.  *See,* **Plaintiff's Exhibit B, 127:22 – 128:8.**  *See also,* **September 24, 2020 email, at Plaintiff's Exhibit I.**

17. Sergio Espinosa, Sr., after Export Towing informed him that he was responsible for the towing and storage charges for the Honda Accord, told Export Towing "keep it, not my problem." (Depo. Trans. 6/1/22, *Abelli*, p. 90:18-91-1).

    **Response:** **Plaintiffs dispute these facts as hearsay, which are solely based on what Export told the MCO.  Plaintiffs do not dispute the fact that Senior did not pick up the Honda Accord because he was told he would have to pay thousands of dollars in towing and storage charges, which he could not afford.**  *See,* **Plaintiff's Exhibit B, 49:15-20; Plaintiff's Exhibit A, 39:9-17.**

18. MCO did a search on ATLAS and program showed that Sergio Espinosa Sr. was a registered owner of the Honda Accord. (Depo Trans. 6/1/22, *Abelli*, p. 5 5, ll. 1-24).

    **Response:** **Plaintiffs object to these facts as irrelevant, as the Defendants have zero idea as to when they pulled the ATLAS report.  Instead, Mr. Abelli only testified that he only pulled an ATLAS report at some point after this case was filed.**  *See,* **Plaintiff's Exhibit F, 107:19 – 108:3; 108:25 – 109:14; 153:7-11.**

Dated:  August 8, 2022

                                        MARCUS & ZELMAN, LLC

                                        By: /s/ Yitzchak Zelman_____

Yitzchak Zelman, Esq.
ATTORNEYS FOR PLAINTIFFS
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732)695-3282
Fax:     (732)298-6256
Email: yzelman@MarcusZelman.com
